**FILED**

MAR 04 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TVIIM, LLC

        Plaintiff(s),

vs.

MCAFEE, INC

        Defendant(s).

Case Number: 3:13-CV-4545 (JST)

[~~MCAFEE PROPOSED~~] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

## 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

## 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## 3. LIAISON

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery,

including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received during a certain time period will be preserved. Once TVIIM identifies the Accused Instrumentalities, the parties will work cooperatively to identify that time period;

b) These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced: backup media, systems no longer in use that cannot be accessed;

c) Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following:

  i. "deleted," "slack," "fragmented," or "unallocated" data on hard drives;

  ii. random access memory (RAM) or other ephemeral data;

  iii. on-line access data such as temporary internet files, history, cache, cookies, etc.;

  iv. data in metadata fields that are frequently updated automatically, such as last-opened dates;

  v. instant messages;

  vi. automatically saved versions of documents;

  vii. system or executable files (.exe, .dll, etc.);

  viii. audio, video, or audio-visual information, including telephonic recordings or voicemail (e.g., .wav, .mp3, .avi, .swf, etc.), unless the responsiveness of specific files is made known to counsel during search, review, collection, or production of other responsive information;

  ix. unreadable or corrupt files;

  x. data from Blackberry, iPhone or other smartphone devices where the producing party believes based on its standard practices that the information contained therein is expected to be duplicative of other sources (e.g., other email systems);

  xi. materials retained primarily for backup or disaster recovery purposes; and

2   [MCAFEE PROPOSED] ORDER RE:
DISCOVERY OF ELECTRONICALLY
STORED INFORMATION
3:13-CV-04545 (JST)

xii. any other file types subsequently agreed by the Parties.

d) In addition to the agreements above, the parties agree data from these sources (a) could contain relevant information but (b) under the proportionality factors, should not be preserved: the parties reserve the right to identify further categories of documents that are unduly burdensome to collect and/or produce.

## 5. SEARCH

General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collective "email"). To obtain email parties must propound specific email production requests. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper timeframe.

Each requesting party shall limit its email production requests to a total of five custodians per producing party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk

of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

## 6. PRODUCTION FORMATS

The parties agree to produce documents in either native or 300 dpi single-page TIFF file formats, with appropriate accompanying Concordance load files. The Concordance load files will contain extracted or OCR text, the custodian of the document, the Bates number of the document, an indication of whether the document is redacted, and an indication of confidentiality designation. To the extent the producing party has extracted or generated fields corresponding to the following information fields, it will produce these fields in the Concordance load file accompanying the document production:

**Information Fields For Email**: Email sent date, email sent time, email sender, email recipients, email CCs, email BCCs;

**Information Fields For Other Electronic Files**: Full file path to the location in which the file was kept in the ordinary course of business, creation date, author, last modified date, filename with extension, document title taken from file properties, number of pages in document.

If particular documents warrant a different format, the parties will cooperate to arrange for a mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

### 7. PHASING

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI and the initial production will be from the following sources: non-custodial sources. Following the initial production, the parties will continue to prioritize the order of subsequent productions, beginning with technical custodians.

### 8. DOCUMENTS PROTECTED FROM DISCOVERY

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) Communications that relate solely to this action and that post-date the filing of the complaint need not be identified on a privilege log. Communications, regardless of whether they include trial counsel, that relate to other relevant topics, including but not limited to the prosecution of the patent-in-suit or related applications or the corporate governance of TVIIM, LLC, must be identified on a privilege log.

### 9. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: 3/4/14

_____
Hon. Jon S. Tigar
UNITED STATES DISTRICT JUDGE