John J. Shaeffer (State Bar No. 138331)
JShaeffer@LathropGage.com
Jeffrey H. Grant (State Bar No. 218974)
JGrant@LathropGage.com
LATHROP & GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, California 90067-1623
Telephone: 310.789.4600
Facsimile: 310.789.4601
Attorneys for Plaintiff
TVIIM, LLC

Katherine D. Prescott (SBN 215496)
(katherine.prescott@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100\

Joseph J. Mueller (pro hac vice)
(joseph.mueller@wilmerhale.com)
Sarah B. Petty (pro hac vice)
(sarah.petty@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
Attorneys for Defendant McAfee, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TVIIM, LLC, a Colorado Limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MCAFEE, INC., a corporation,<br><br>Defendant.<br><br>MCAFEE, INC., a corporation,<br><br>Counterclaimant,<br><br>v.<br><br>TVIIM, LLC, a Colorado Limited liability company,<br><br>Counterclaim Defendant. | Case No. 3:13-cv-04545-VC<br><br>**JOINT DISCOVERY DISPUTE LETTER TVIIM'S DESIGNATION OF EXPERT WITNESS** |

Pursuant to the Honorable Judge Vince Chhabria's Standing Order, Plaintiff TVIIM, LLC and Defendant McAfee, Inc. hereby attest through their undersigned counsel that the parties have met and conferred in a good faith attempt to resolve this dispute prior to filing the attached joint letter.

Dated: May 21, 2014    LATHROP & GAGE LLP

By: /s/ John Shaeffer
    John J. Shaeffer
    Attorneys for Plaintiff
    TVIIM, LLC

Dated: May 21, 2014    WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ Joseph Mueller

    Joseph J. Mueller
    Attorneys for Defendant
    McAfee, Inc.

I attest under penalty of perjury that concurrence in the filing of this document has been obtained from counsel for Defendant, McAfee, Inc.

Dated: May 21, 2014                     LATHROP & GAGE LLP


                                        By: /s/ John Shaeffer
                                            John J. Shaeffer
                                            Attorneys for Plaintiff
                                            TVIIM, LLC

Case3:13-cv-04545-HSG  Document39  Filed05/21/14  Page4 of 9

May 21, 2014

Hon. Vince Chhabria
San Francisco Courthouse
Courtroom 4 - 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *TVIIM, LLC v. McAfee, Inc.*, Case No. 13-cv-04545-VC

Hon. Judge Vince Chhabria:

**Joint Background Section**

On March 25, 2014, Plaintiff TVIIM, LLC ("Plaintiff" or "TVIIM") disclosed its intent use Eric Knight as an "expert" under the Patent Local Rule 2-2 Interim Model Protective Order ("Protective Order"). TVIIM noted that TVIIM intended to show Mr. Knight information that Defendant McAfee, Inc. ("McAfee") designated as confidential under the Protective Order. On April 8, 2014, in accordance with Paragraph 7.4(b) of the Interim Protective Order, McAfee objected to the disclosure of such information to Mr. Knight. In accordance with Paragraph 7.4(c) of the Protective Order and the Court's Standing Order, the parties submit this joint letter.

**Plaintiff TVIIM's Position**

TVIIM maintains that the retention of Mr. Knight, and his consideration of confidential documents and materials to form his opinion, is proper and appropriate under the Protective Order. The Protective Order defines "expert," in pertinent part, as someone "with specialized knowledge or experience in a matter pertinent to the litigation who [] is not a past or current employee of a Party or of a Party's competitor." Protective Order, ¶ 2.7. Mr. Knight meets the definition of expert set forth in the Protective Order.

In its disclosure of Mr. Knight, TVIIM provided McAfee with the required background information required by Paragraph 7.4(a)(2) of the Protective Order. McAfee interposed objections in an email two weeks later. McAfee asserted that Mr. Knight does not fall under the definition of "expert" under Paragraph 2.7 of the Protective Order. At that time, McAfee argued that Mr. Knight (1) was currently an employee of a Party competitor and (2) was a former employee of TVIIM. During the parties' meet and confer, TVIIM specifically described how Mr. Knight's current employer (Northrup Grumman Aerospace Systems) is not a competitor of McAfee and notified McAfee that Mr. Knight had never worked for TVIIM. McAfee's counsel responded during the conference that he had "never heard" of an inventor being designated as an expert in a case and that there was "no way" McAfee would agree. Neither McAfee's original written or subsequent telephonic objections hold water.

ActiveUS 127886180v.1

It is McAfee's burden to establish that the harm to McAfee of disclosing confidential information to Mr. Knight outweighs TVIIM's need to disclose such information. Protective Order, ¶ 7.4(c). TVIIM's need is great and McAfee's claimed harm is illusory. McAfee cannot satisfy its burden. McAfee's strained efforts to manufacture a conflict, disqualify TVIIM's chosen expert consultant, and thereby prejudice TVIIM's litigation strategy, lack merit.

Not Employed By A Competitor in the Past: Mr. Knight was previously employed by Northrop Grumman Aerospace Systems in their Electronic Fires department.  His employment relationship there will have ended as of May 19, 2014, and he is now employed by ImmuneSoft, which develops eDiscovery tools for Windows.[1] Given that he is no longer employed by Northrop Grumman, it is unclear how any conflict with a party competitor may exist.

Nevertheless, even while employed by Northrop Grumman, he was not employed by a "competitor." While the precise nature of his work at Northrop Grumman is classified, **none** of the work done at Aerospace Systems competes with McAfee. Aerospace Systems does not produce any products that resemble McAfee's product line, but rather produces aircrafts and space vehicles. McAfee has absolutely no involvement in the aerospace industry.

McAfee points to other sectors of the Northup Grumman Corporation ("NGC") in an attempt to find some suggestion of competition with McAfee. NGC is the fourth largest defense contractor in the world with four separate parts: Aerospace Systems, Electronic Systems, Information Systems, and Technical Services.  NGC employs 68,000 people worldwide.  The only plausible competition would be between McAfee and NGC's Information Systems wing – not its Aerospace Systems wing. NGC's Information Systems wing is completely separated from NGC's Aerospace Systems wing, in Redondo Beach, California and Virginia, respectively. Even if Information Systems offered products or services that competed with McAfee (although McAfee has made no such showing), NGC is so large and Mr. Knight's work was so separate that there is no genuine conflict. McAfee can point to no case wherein an expert was excluded because he or she worked in a completely separate section of a large multi-national corporation.

Even if Mr. Knight worked for NGC's Information Systems wing (he does not), there would still be no reason to preclude him from providing expert consulting services to TVIIM. NGC is not a competitor of McAfee.  McAfee regularly collaborates with NGC by regularly partnering with NGC on at least Host Based Security System projects. Indeed, NGC itself references McAfee as a "teammate." Such a relationship makes perfect sense when one considers that NGC and McAfee actually provide complementary – not competitive – products and services.[2]

---

[1] TVIIM assumes that this development will not affect McAfee's objection.

[2] *See* March 6, 2012 McAfee Press Release, http://www.mcafee.com/us/about/news/2012/q1/20120306-02.aspx ("McAfee today announced it will serve as the primary subcontractor to Northrop Grumman Information Systems (NGIS), the prime integration contractor, for the Host Based Security System (HBSS) program"); March 6, 2012 NGC Press Release, http://www.globenewswire.com/newsarchive/noc/press/pages/news_releases.html?d=248290.

Not a Former Employee of TVIIM:  Mr. Knight is not a former employee of TVIIM.  He worked for DMW and Innerwall, which previously had interests in the Patent-in-Suit. He has, however, never been employed by TVIIM, the plaintiff and current owner of the Patent-in-Suit.

TVIIM Will Be Prejudiced If Mr. Knight Is Excluded: TVIIM selected Mr. Knight to provide expert consulting services in this case and thus needs to be able to show him confidential information.  The Patent-in-Suit involves host-based security systems for vulnerability protection; a highly technical field with very few players. A significant number of those individuals with the necessary background work for McAfee and/or McAfee's actual competitors and could not be shown confidential information under the Protective Order.  Mr. Knight falls within an exclusive subgroup of people who are both qualified and do not work for McAfee or its competitors. It is critical that TVIIM be allowed to use him for expert consulting services. Given the singularity of Mr. Knight's expertise and the small number of experts available, it would be nearly impossible for TVIIM to find a replacement.

For the foregoing reasons, TVIIM respectfully requests TVIIM be permitted to go forward with Eric Knight as its expert and to disclose the relevant confidential documents to Mr. Knight as an "expert" under the Protective Order.

**Defendant McAfee's Position**

Plaintiff TVIIM's unorthodox request to disclose McAfee's confidential technical information to a named inventor on the patent-in-suit, and a competitor of McAfee—so as to allow this named inventor, Eric Knight, to help TVIIM develop infringement arguments against McAfee—fails on several grounds.  This request, if granted, would compromise both McAfee's ability to protect its confidential information from a competitor company, and its ability to take discovery into Mr. Knight's percipient understanding of his patent free from any influence resulting from his consulting work.  Plaintiff's request to disclose McAfee's confidential information to Mr. Knight should be denied for at least the following reasons.

*First*, Mr. Knight is plainly an employee of a McAfee competitor.  While Plaintiff focuses on Mr. Knight's employment by Northrup Grumman (a position he will hold for only one more week), by Mr. Knight's own admission, he has been involved with his "new" company, ImmuneSoft, for *more than ten years*.  *See* http://sourceforce.ney/donate/?user_id=1479718 ("ImmuneSoft is developed by Eric Knight, a computer security consultant… ImmuneSoft is his pride and career dream project that he's devoted all of his free time since 2003 developing."). And notwithstanding Plaintiff's representation that ImmuneSoft's business is simply "develop[ing] eDiscovery tools for Windows," ImmuneSoft's own website states that ImmuneSoft is in fact a "computer security software company" that "has developed products for… Security [and]… Intrusion Detection":

> ImmuneSoft is a *computer security software company* that develops advanced forensics products.  ImmuneSoft was founded in 2003 and has developed products for Computer Forensics, *Security* and Information Event Managers, *Intrusion Detection*, and more.

*See* www.immunesoft.com (emphasis added).  In each of these areas, both ImmuneSoft and Mr.

Knight would be squarely competing with McAfee. *Compare id. with* www.mcafee.com ("McAfee is the world's largest dedicated security technology company…. Our solutions are designed to work together, integrating antimalware, antispyware, and antivirus software with security management features…").

Both the Interim Model Protective Order and the case law recognize the dangers associated with allowing a competitor access to a party's confidential business and technical information, and bar precisely what Plaintiff is proposing. *See* Int. P.O. ¶ 2.7 (defining "expert" as someone who "is not a past or current employee… of a Party's competitor"); *Safe Flight Instrument Corp. v. Sundstrand Data Control Inc.,* 682 F. Supp. 20, 22 (D.Del. 1988) (refusing to allow a competitor access to party's confidential information).

In addition, Mr. Knight is named as an inventor on at least one application that is currently pending before the Patent Office that claims priority to the asserted patent (U.S. Appln. No. 11/100,714). Were he to learn McAfee proprietary technical information, that could affect the prosecution of those pending applications—something the Interim Protective Order is explicitly designed to avoid. *See* Int. P.O. ¶ 8; *see also Northbrook Digital, LLC v. Vendio Servs., Inc.*, 625 F. Supp. 2d 728, 735, 743 (D.Minn. 2008) (denying witness access to information under protective order because his "activities [related to] prosecuting continuation applications related to the patents in suit [were] not compatible with allowing him to review, either as an attorney or as an expert witness, [defendant's] confidential technical information").

*Second*, as a named inventor on the sole asserted patent and a former employee of multiple companies that allegedly practiced the '168 patent, Mr. Knight is a percipient witness to material facts in this litigation. Mr. Knight presumably has knowledge about the patent's conception, reduction to practice, and the intended scope and meaning of its claims at the time of the alleged invention. McAfee is entitled to Mr. Knight's testimony on these issues, free from influence or bias that might result from his review of McAfee's confidential technical information—and his using that information to help develop infringement claims against McAfee. There is simply no way to guarantee that Mr. Knight, even assuming the best of intentions, would be able to segregate his knowledge about the scope of the patent-in-suit from any knowledge he might receive about the way the McAfee accused products work.

In confronting precisely this issue—whether a named inventor should be given access to a patent infringement defendant's confidential technical information—courts have answered this question, "No." In *Tailored Lighting, Inc. v. Osram Sylvania Products, Inc*., 236 F.R.D. 146, 148-49 (W.D.N.Y. 2006), for instance, the district court rejected a patent infringement plaintiff's request to disclose the defendant's technical information to the named inventor, even where the inventor and the defendant were not in direct competition, on the ground that it was not reasonable to expect the inventor to avoid subconsciously using the information at issue:

> TLI has not cited, nor has this Court found, *any cases to suggest that the disclosure of proprietary information to an opposing patent inventor would be appropriate merely because the parties were not currently direct competitors*, particularly where, as here, the inventor licenses the patent to a direct competitor…[T]his Court has no reason to question the integrity of plaintiff's president and patent inventor; nonetheless*, it seems unreasonable to expect that anyone working to further his own scientific and technological interests would be able assuredly to avoid even the subconscious use of*

> *confidential information revealed through discovery that is relevant to those interests*.

*Id.* (emphases added); *see also Hitkansut LLC v. U.S*., 111 Fed. Cl. 228, 239 (Fed. Cl. 2013) ("Even accepting that [the inventor] would make a conscious and sustained effort to comply with the terms of the protective order, the fallibility of the human brain is paramount. It is simply impossible for a human being to segregate, or 'unlearn,' certain pieces of knowledge.").

*Finally*, Plaintiff has not shown—and cannot show—a particular need to have Mr. Knight, rather than an independent witness, serve as its expert in this case. Plaintiff alleges that its "need is great"; that Mr. Knight's experience is "singular" and that he "falls within an exclusive subgroup of people who are both qualified and do not work for McAfee or one of McAfee's competitors"; and that "it is critical that TVIIM be allowed to use [Mr. Knight]," but Plaintiff provides no factual support for any of these assertions. Such conclusory statements have been consistently found to be insufficient to warrant disclosure of a patent infringement defendant's technical information to a named inventor. *See Tailored Lighting,* 236 F.R.D. at 148-49 ("I am not persuaded on the record before me that the [inventor] is uniquely qualified over other outside experts to assist in the prosecution of this claim"); *Apeldyn Corp. v. AU Optronics Corp*., No. 08–568, 2012 WL 2368796, at *4-5 (D. Del. Jun. 13, 2012) (rejecting argument that named inventor was "particularly technically qualified to evaluate the evidence"); *McDavid Knee Guard, Inc. v. Nike USA, Inc*., No. 08-cv-6584, 2009 WL 1609395, at *4 (N.D. Ill. Jun. 9, 2009) ("***plaintiffs rely solely on their litigation counsel's statements… to support the 'critical' nature of Mr. Taylor's advice. Such statements are insufficient to meet plaintiffs' burden***) (emphasis added).

Plaintiff has not identified a single attempt on its part to retain an independent technical expert (e.g., a university professor or other expert unaffiliated with any competitor), nor has it supported its statement that few individuals have the requisite technical knowledge to serve as experts in this case. To the contrary, the relevant field was extremely crowded—with many people working on vulnerability detection—at the time of the alleged invention. (Indeed, McAfee just served approximately 1,400 pages of contentions that identified dozens of prior art references involving a broad range of persons with technical expertise in this field.)

Plaintiff's total failure to support its allegations of need suggests that its actual motivation may be a desire to simply reduce its costs associated with pursuing this litigation. That is not a sufficient basis for disclosing McAfee's confidential information to a named inventor. *See Tailored Lighting,* 236 F.R.D. at 149 ("[I]t seems inappropriate to permit TLI, in an effort to reduce its own costs, to demand that Sylvania now disclose its trade secrets to TLI's chief patent inventor….the burden of that cost simply does not outweigh the substantial risk of competitive injury that attends disclosure of such trade secret information to the opposing party's president and patent inventor.").

***

In sum, the risks of tainted factual testimony and of competitive injury to McAfee are both significant and real. With those clear risks weighing against TVIIM's request, TVIIM has failed to prove any countervailing need: it has offered no real evidence that Mr. Knight is somehow uniquely positioned to assist TVIIM. Simply put, TVIIM should look elsewhere for an independent expert. McAfee respectfully requests that the Court deny Plaintiff's motion to disclose McAfee's confidential business information to named inventor Eric Knight.

Sincerely,

*/s/ John Shaeffer*

John Shaeffer

*/s/ Joseph Mueller*

Joseph J. Mueller

ActiveUS 127886180v.1