UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TVIIM, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>MCAFEE, INC.,<br><br>        Defendant. | Case No. 13-cv-04545-VC (KAW)<br><br>ORDER REGARDING 5/21/14 JOINT DISCOVERY LETTER<br><br>Dkt. No. 39 |

On May 21, 2014, the parties filed a joint discovery letter regarding Plaintiff TVIIM, LLC's intention to designate Eric Knight as an expert under the Patent Local Rule 2-2 Interim Model Protective Order. (Joint Letter, Dkt. No. 39 at 4.) Defendant McAfee, Inc. objects to this expert designation on the separate grounds that Mr. Knight is an employee of a McAfee competitor and is a named inventor on the sole asserted patent. (Joint Letter at 6-7.)

On May 30, 2014, the joint letter was referred to the undersigned for resolution. Upon review of the joint letter, the Court finds that this matter is suitable for resolution without further briefing or oral argument pursuant to Civil Local Rule 7-1(b), and finds that Mr. Knight is not an expert pursuant to the Patent Local Rule 2-2 Interim Model Protective Order.

## I. BACKGROUND

On October 2, 2013, Plaintiff TVIIM, LLC filed a case against Defendant McAfee, Inc. alleging infringement of U.S. Patent No. 6,889,168 ("'168 Patent"). (Compl., Dkt. No. 1.) Eric Knight is a named inventor of the '168 Patent. ('168 Patent, Compl., Ex. A.)

On March 25, 2014, Plaintiff disclosed its intent to designate Eric Knight as an "expert" under the Patent Local Rule 2-2 Interim Model Protective Order ("Protective Order"). (Joint Letter at 4.) Two weeks later, McAfee objected to Mr. Knight's expert designation on the grounds that

he "(1) was currently an employee of a Party competitor and (2) was a former employee of TVIMM." (Joint Letter at 4.) During the parties' meet and confer, Plaintiff allegedly explained that Mr. Knight was never its employee and described that Mr. Knight's current employer (Northrup Grumman Aerospace Systems) is also not a competitor of McAfee's. *Id.*

McAfee contends that Mr. Knight has been involved with ImmuneSoft, Mr. Knight's "new" company, for more than ten years. (Joint Letter at 6.) ImmuneSoft is purportedly a "consumer security software company." *Id.* McAfee, therefore, contends that ImmuneSoft is a competitor which would preclude Mr. Knight's designation as an "expert" under the Protective Order. *Id.* at 6-7. McAfee further contends that Mr. Knight's status as a named inventor on the sole asserted patent makes him a percipient witness to material facts in this litigation. (Joint Letter at 7.)

## II. LEGAL STANDARD

In October 2013, the United States District Court for the Northern District of California issued the Patent Local Rule 2-2 Interim Model Protective Order (hereafter "Protective Order"), which defines an "expert" as

> a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

(Protective Order ¶ 2.7.)

## III. DISCUSSION

McAfee objects to Mr. Knight's expert designation on the grounds that he is currently employed by a McAfee competitor and that he is a named inventor on the patent-in-suit. (Joint Letter at 6-7.)

### A. Whether Mr. Knight is an employee of a McAfee competitor.

This district clearly requires that an "expert" under the Protective Order may not be "a past or current employee of a Party or of a Party's competitor" or "anticipated to become an employee of a Party or a Party's competitor." (Protective Order ¶ 2.7.) McAfee contends that Mr. Knight is an employee of a McAfee competitor based on his current employment with ImmuneSoft. (Joint

Letter at 7.) Plaintiff does not address Defendant's contention that ImmuneSoft is a competitor engaged in "consumer security software company," but rather only states that it "develops eDiscovery tools for Windows." *Id.* at 5. Instead, Plaintiff explains how Mr. Knight's previous employer, Northrup Grumman, was not a McAfee competitor, and that he was never an employee of TVIIM. *Id.* at 5-6.

Thus, the Court interprets Plaintiff's failure to address whether ImmuneSoft is a McAfee competitor as a concession. Accordingly, the Court finds that Mr. Knight is not an "expert" as defined by the Protective Order.

### B.   Whether Mr. Knight, as a named inventor, may be an "expert."

Even if Mr. Knight did not work for a McAfee competitor, McAfee contends that Mr. Knight's status as a named inventor makes him a percipient witness, which precludes him from being an "expert" under the Protective Order. (Joint Letter at 7.) McAfee contends that it is entitled to Mr. Knight's testimony on the scope and meaning of his patent's claims at the time of the alleged invention "free from influence or bias that might result from his review of McAfee's technical information." *Id.* Indeed, other courts have found that a named inventor should not be given access to a patent infringement defendant's confidential information. *See Tailored Lighting, Inc. v. Osram Sylvania Products, Inc.*, 236 F.R.D. 146, 149 (W.D.N.Y. 2006). In *Tailor Lighting, Inc.,* the district court rejected the plaintiff's request to disclose the defendant's technical information to the named inventor, even when they were not in direct competition, because "it seems unreasonable to expect that anyone working to further his own scientific and technological interests would be able assuredly to avoid even the subconscious use of confidential information revealed through discovery that is relevant to those interests." *Id.* at 149.

Plaintiff does not address this argument at all. Instead, Plaintiff states that it would be highly prejudiced if Mr. Knight is excluded, because he "falls within an exclusive subgroup of people who are both qualified and do not work for McAfee or its competitors." (Joint Letter at 6.) Plaintiff does not provide any facts to support its assertion that Mr. Knight is one of few available experts. In response, Defendant argues that Plaintiff "has not identified a single attempt on its part to retain an independent technical expert (e.g., a university professor or other expert unaffiliated

3

with any competitor), nor has it supported its statement that few individuals have the requisite technical knowledge to serve as experts in this case." *Id.* at 8. To the contrary, McAfee contends that the field was extremely crowded at the time of the alleged invention. *Id.*

The Court notes that in *Tailor Lighting, Inc.*, the inventor, while not a direct competitor itself, licensed the patent-in-suit to a direct competitor. 236 F.R.D. at 149. That factual distinction notwithstanding, the Court finds *Tailor Lighting, Inc.*'s reasoning persuasive, particularly in light of Plaintiff's failure to provide any legal authority or argument to the contrary. Further, Mr. Knight, even with the best intentions, cannot be expected to "to avoid even the subconscious use of confidential information revealed through discovery that is relevant to those interests." *Tailored Lighting, Inc.*, 236 F.R.D. at 149. Put plainly, it is unrealistic to expect Mr. Knight to segregate his knowledge about the scope of the patent-in-suit from any knowledge he may receive about how McAfee's accused products work.

### IV. CONCLUSION

In light of the foregoing, the Court finds that Eric Knight is not an expert under the Patent Local Rule 2-2 Interim Model Protective Order.

IT IS SO ORDERED.

Dated: June 18, 2014

KANDIS A. WESTMORE
United States Magistrate Judge