UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TVIIM, LLC,<br>   Plaintiff,<br>  v.<br>MCAFEE, INC.,<br>   Defendant. | Case No. 13-cv-04545-VC (KAW)<br><br>ORDER REGARDING 9/17/14 JOINT DISCOVERY LETTER<br><br>Dkt. No. 65 |

On September 17, 2014, the parties filed a joint discovery letter concerning Defendant McAfee, Inc.'s production of emails from five identified custodians. (9/17/14 Joint Letter, "Joint Letter," Dkt. No. 65 at 1.)

Upon review of the joint letter, and for the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART Plaintiff TVIIM, LLC's request to compel McAfee's production of emails.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

The scope of electronically stored information (ESI) is further limited, such that "[a] party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B). In addition, the Northern District Guidelines for the Discovery of Electronically Stored Information ("N.D. Cal. Guidelines") provides additional guidance for ESI discovery.

The Northern District Guidelines advocate for the proportionality set forth in Rule 26(b)(2)(C) and 26(g)(1)(B)(iii).  Parties should consider factors that "include the burden or expense of the proposed discovery compared to its likely benefit, and discovery requests for production of ESI should be reasonably targeted, clear, and as specific as practicable." (N.D. Cal. Guidelines ¶ 1.03.) The Guidelines further recommend "[t]he phasing of discovery so that discovery occurs first from sources most likely to contain relevant and discoverable information and is postponed or avoided from sources less likely to contain relevant and discoverable information." *Id.* at ¶ 2.02(d).

Regardless, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

## II.  DISCUSSION

TVIIM seeks to compel the production of emails from five custodians that contain three search terms (or Boolean searches). (Joint Letter at 1 n. 1.)  The three search terms are:

(1) "vulnerab* NOT w/1 scanner";

(2) "remediat*";

(3) "auto* w/10 (respon* OR updat* OR correct*)".

 (Joint Letter at 1 n. 1, 6.)  As an initial matter, pursuant to the ESI order entered in this case, the third search term counts as three separate terms due to the use of the Boolean operator "OR." (*See* ESI Order, Dkt. No. 33 at 3-4.)  Since the parties are allowed to have five terms, this is permissible, but the Court will treat the third search term as three separate terms.

TVIIM claims that these emails are "absolutely critical to vetting the parties' claims and defenses" because the custodians include "persons directly responsible for coding the software that is the subject of this dispute." (Joint Letter at 5.)  TVIIM believes that the emails will provide

needed guidance for the review of McAfee's source code. *Id.*

McAfee contends that this request is unduly burdensome, because it would require the review and production of "more than half a million emails and attachments." (Joint Letter at 5.)[1] McAfee argues that the first two searches incorporate truncated versions of McAfee's product names: the accused Remediation Manager and the unaccused Vulnerability Manager. (Joint Letter at 7.) McAfee claims that not only is this prohibited by the ESI Order, but the combined search terms generate almost 500,000 results, rendering them unduly burdensome. *Id.* The ESI Order provides that the use of "[i]ndiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction." (ESI Order at 3-4.) Both "vulnerab* NOT w/1 scanner" and "remediat*" are not sufficiently narrowed by other keywords to reduce the risk of overproduction. Thus, McAfee is not required to run those search terms.

Additionally, McAfee argues that the "auto* w/10 (respon* OR updat* OR correct*)" is not reasonably tailored to any specific issue in this case, and would turn up all kinds of automatic responses, including "out of office" messages. Discovery is, by its very nature, burdensome. That said, based on the test search that turned up 188,432 results, the parties shall meet and confer to identify additional keywords that will narrow the search to exclude "out of office" and other nonresponsive, automatic response emails.

### III. CONCLUSION

For the foregoing reasons, TVIIM's request to compel McAfee to produce emails employing the requested search terms to the five, identified custodians is GRANTED IN PART AND DENIED IN PART.

McAfee need not run the "remediat*" or "vulnerab* NOT w/1 of scanner" searches, as they violate the ESI Order that is currently in effect.

McAfee shall produce emails in response to the "auto* w/10 (respon* OR updat* OR

---

[1] McAfee also argues that TVIIM has not produced any emails of its own despite McAfee's request for it to do so, and has instead only served objections. (Joint Letter at 5 n. 5.) The sufficiency of TVIIM's document production, however, is not the subject of this joint letter, and is, therefore, not before the Court.

3

1  correct*)" search—which is essentially three search terms— subject to the parties' identification
2  of keywords to remove "out of office" and other automatic responses from the results.  McAfee
3  will produce the emails within 7 days of the parties' agreement.

4  Should the parties be unable to reach an agreement on the additional keywords, they shall
5  draft a supplemental joint letter not to exceed three double-spaces pages, which includes their final
6  proposed searches.  McAfee shall run test searches for both final proposed searches, and provide
7  the number of results (or "hits") for each in the joint letter.

8  The parties shall meet and confer in good faith to resolve any outstanding disputes prior to
9  seeking further court intervention.  Additionally, the parties are ordered to review the Northern
10 District's Guidelines for Professional Conduct (available at
11 *http://cand.uscourts.gov/professional_conduct*), with particular attention paid to the Discovery
12 section.  Any future joint discovery letter must contain a certification by the parties that they have
13 reviewed and complied with the Guidelines.

14 IT IS SO ORDERED.

Dated: October 15, 2014

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge