United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TVIIM, LLC,

              Plaintiff,

    v.

MCAFEE, INC.,

              Defendant.

Case No.  13-cv-04545-HSG

**ORDER DENYING MOTIONS TO SEAL**

Re: Dkt. Nos. 114, 118, 128, 130, 137

Pending before the Court are five motions to file under seal—three filed by Plaintiff TVIIM, LLC and two filed by Defendant McAfee, Inc.—documents related to Plaintiff's motion for summary judgment and Plaintiff's motion to strike expert testimony.  No oppositions to the motions to seal were filed, and the time to do so has passed.

## I.  LEGAL STANDARD

"[A] 'compelling reasons' standard applies to most judicial records.  This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'"  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7).  "[A] 'strong presumption in favor of access' is the starting point."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  To overcome this strong presumption, the party seeking to seal a judicial record related to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events."  *Id.* at 1178-79 (internal citations, quotation marks, and alterations omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing

court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base it decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II.   DISCUSSION

### A.   Plaintiff's Administrative Motion To File Documents Under Seal In Support Of Its Motion For Summary Judgment

On March 9, 2015, Plaintiff filed an administrative motion to file under seal exhibits 8, 9,

United States District Court
Northern District of California

2

14, and 15 to the declaration of John Shaeffer in support of Plaintiff's motion for summary judgment. Dkt. No. 114. Plaintiff seeks to redact the entirety of the exhibits. Because Plaintiff's motion for summary judgment is a dispositive motion, the Court applies the "compelling reasons" standard.

In its motion to seal, Plaintiff states that it seeks to file the documents under seal because they "disclose materials and information that [Defendant] has designated as 'Confidential' or 'Highly Confidential - Attorneys' Eyes Only' under the Protective [Order] in this action." *Id.* at 1. On March 13, 2015, in accordance with Civil Local Rule 79-5(e), Defendant filed a declaration in support of Plaintiff's motion to seal. Dkt. No. 123. In that declaration, Defendant states that it "does not maintain a claim of confidentiality with respect to Exhibits 8, 14, and 15 of the Shaeffer Declaration." *Id.* ¶ 6. As to exhibit 9, Defendant states that it "contain[s] highly confidential information reflecting the design and naming of [Defendant's] products," which "could be used by [Defendant's] competitors to its disadvantage." *Id.* ¶ 5.

While the potential competitive disadvantages of disclosing proprietary product development and design information may constitute "compelling reasons" that justify filing a document under seal, the Court finds that the proposed redaction of exhibit 9 in its entirety is not "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5. The Court therefore DENIES the motion. If Defendant wishes to file an amended declaration in support of Plaintiff's motion to seal that identifies those *specific* portions of exhibit 9 that contain sealable information, and the specific reasons why such portions should be sealed, it must do so within three days of the date of this Order. Otherwise, the Court will not consider exhibit 9 unless an unredacted version is filed within seven days of the date of this Order. Likewise, the Court will not consider exhibits 8, 14, and 15 unless unredacted versions of those documents are filed within seven days of the date of this Order.

**B.     Plaintiff's Administrative Motion To File Documents Under Seal In Support Of Its Motion To Exclude Certain Expert Testimony Of Lance Gunderson**

On March 9, 2015, Plaintiff filed an administrative motion to file under seal exhibits 1-9, 11, and 16-19 to the declaration of John Shaeffer in support of Plaintiff's motion to exclude

certain expert testimony of Lance Gunderson, as well as portions of the motion to exclude testimony.  Dkt. No. 118.  Plaintiff seeks to redact the entirety of the exhibits.  Because Plaintiff's motion to exclude testimony is not a dispositive motion, the Court applies the "good cause" standard.

In its motion to seal, Plaintiff states that it seeks to file exhibits 1-9, 11, and 18-19 under seal because they "disclose materials and information that [Defendant] has designated as 'Confidential' or 'Highly Confidential - Attorneys' Eyes Only' under the Protective [Order] in this action."  *Id.* at 1.  On March 13, 2015, Defendant filed a declaration in support of Plaintiff's motion to seal.  Dkt. No. 124.  In that declaration, Defendant states that the exhibits contain confidential "financial information," "business and marketing strategies," "product development strategy and design choices," "technical product information," "testing and quality assurance timelines," and "internal code names."  *Id.* ¶¶ 5-15.  Defendant also states that it "does not maintain a claim of confidentiality with respect to Exhibit 5 to the Shaeffer Declaration."  *Id.* ¶ 17.  Plaintiff also states in its motion that it seeks to file exhibits 16-17 under seal because they contain "confidential financial information of third parties, as well as [Plaintiff]."  Dkt. No. 118 at 2.

Again, the Court finds that the proposed redactions of these exhibits in their entirety are not "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5.  The Court therefore DENIES the motion.  If Defendant wishes to file an amended declaration in support of Plaintiff's motion to seal that identifies those *specific* portions of exhibits 1-4, 6-9, 11, and 18-19 that contain sealable information, and the specific reasons why such portions should be sealed, it must do so within three days of the date of this Order.  Similarly, if Plaintiff wishes to file an amended motion that identifies those specific portions of exhibits 16 and 17 that contain sealable information, and the specific reasons why such portions should be sealed, it must do so within three days of the date of this Order.  Otherwise, the Court will not consider those exhibits unless unredacted versions are filed within seven days of the date of this Order.  Likewise, the Court will not consider exhibit 5 unless an unredacted version is filed within seven days of the date of this Order.

**C.     Defendant's Administrative Motion To File Documents Under Seal In Support Of Its Opposition To Plaintiff's Motion For Summary Judgment**

On March 23, 2015, Defendant filed an administrative motion to file under seal exhibit 14 to the declaration of Joseph J. Mueller in support of Defendant's opposition to plaintiff's motion for summary judgment.  Dkt. No. 128.  Defendant seeks to redact the entirety of the exhibit. Because Plaintiff's motion for summary judgment is a dispositive motion, the Court applies the "compelling reasons" standard.

In the declaration accompanying its motion to seal, Defendant states that it seeks to file exhibit 14 under seal because it contains information regarding Defendant's "product design, structural components, and functionality."  Dkt. No. 128-1 ¶ 5.

As with the previous two motions, the Court finds that the proposed redaction of this exhibit in its entirety is not "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5.  The Court therefore DENIES the motion.  If Defendant wishes to file an amended motion that identifies those *specific* portions of exhibit 14 that contain sealable information, and the specific reasons why such portions should be sealed, it must do so within three days of the date of this Order.  Otherwise, the Court will not consider exhibit 14 unless an unredacted version is filed within seven days of the date of this Order.

**D.     Defendant's Administrative Motion To File Documents Under Seal In Support of Defendant's Opposition To Plaintiff's Motion To Exclude Certain Expert Testimony Of Lance Gunderson**

On March 23, 2015, Defendant filed an administrative motion to file under seal exhibits 1-2, 4, 10, 12, 14, 18-19, 22-27, and 30 to the declaration of Joseph J. Mueller in support of Defendant's opposition to Plaintiff's motion to exclude certain expert testimony of Lance Gunderson, as well as portions of the opposition.  Dkt. No. 130.  Defendant seeks to redact the entirety of the exhibits.  Because Plaintiff's motion to exclude testimony is not a dispositive motion, the Court applies the "good cause" standard.

In its motion to seal and accompanying declaration, Defendant states that it seeks to file exhibits 2, 4, 18-19, 22-27, and 30 under seal because they contain confidential "financial information," "business and marketing strategies, "product development strategies," "product design choices," "internal release timelines," "source code," and "product testing."  Dkt. No. 130-

United States District Court
Northern District of California

1    2 ¶¶ 5-15.  Defendant further states in its motion to seal that it "expects that [Plaintiff] and/or the

2    relevant third parties will file the required supporting declaration in accordance with Civil Local

3    Rule 79-5 in order to confirm whether their information should be sealed."  Dkt. No. 130 at 1.  No

4    declarations were filed by Plaintiff or any third parties.

5         Once again, the Court finds that the proposed redactions of these exhibits in their entirety

6    are not "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5.

7    The Court therefore DENIES the motion.  If Defendant wishes to file an amended motion that

8    identifies those specific portions of exhibits 2, 4, 18-19, 22-27, and 30 that contain sealable

9    information, and the specific reasons why such portions should be sealed, it must do so within

10   three days of the date of this Order.  Otherwise, the Court will not consider those exhibits unless

11   unredacted versions are filed within seven days of the date of this Order.

12        As for exhibits 1, 10, and 12, pursuant to Civil Local Rule 79-5(e)(2), Defendant may file

13   unredacted versions no earlier than four days and no later than ten days after the issuance of this

14   Order.  If Plaintiff or any third parties wish to delay the public docketing of these exhibits for good

15   cause, they must file a motion to that effect within three days of the date of this Order.

16   **E.    Plaintiff's Administrative Motion To File Documents Under Seal In Support Of**
         **Its Reply In Support Of Plaintiff's Motion To Exclude Certain Expert**
17       **Testimony Of Lance Gunderson**

18        On March 30, 2015, Plaintiff filed an administrative motion to file under seal exhibits A,

19   B, and C to the declaration of John Shaeffer in support of Plaintiff's reply in support of its motion

20   to exclude certain expert testimony of Lance Gunderson, as well as portions of the reply.  Dkt. No.

21   137.  Plaintiff seeks to redact the entirety of the exhibits.  Because Plaintiff's motion to exclude

22   testimony is not a dispositive motion, the Court applies the "good cause" standard.

23        In its motion to seal, Plaintiff states that it seeks to file the exhibits under seal because they

24   "disclose materials and information that [Defendant] has designated as 'Confidential' or 'Highly

25   Confidential - Attorneys' Eyes Only' under the Protective Order in this action."  *Id.* at 1.  On April

26   3, 2015, Defendant filed a declaration in support of Plaintiff's motion to seal.  Dkt. No. 142.  In

27   that declaration, Defendant states that the exhibits contain confidential information relating to

28   "product beta testing, design choices and considerations, planned improvements, and internal

1    design feedback." *Id.* ¶ 5.

2           The Court finds that the proposed redactions of these exhibits in their entirety are not

3    "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5.  The

4    Court therefore DENIES the motion.  If Defendant wishes to file an amended declaration that

5    identifies those *specific* portions of exhibits A, B, and C that contain sealable information, and the

6    specific reasons why such portions should be sealed, it must do so within three days of the date of

7    this Order.  Otherwise, the Court will not consider the exhibits unless unredacted versions are filed

8    within seven days of the date of this Order.

9    **III.    CONCLUSION**

10          For the foregoing reasons, the parties' administrative motions to seal are DENIED.  If the

11   parties choose to file amended motions to seal and/or declarations in support of such motions, they

12   shall do so within three days of the date of this Order.  The Court directs the parties to review and

13   strictly comply with Civil Local Rule 79-5.  If the parties do not file amended motions or

14   declarations that identify those specific portions of the documents sought to be sealed so as to

15   comply with Local Rule 79-5's "narrowly tailored" requirement, the Court cautions the parties that

16   it will not consider any of the documents that are the subject of these motions to seal unless

17   unredacted versions are filed within seven days of the date of this Order.

18          **IT IS SO ORDERED.**

19   Dated:  6/10/2015

20                                              _____
21                                              HAYWOOD S. GILLIAM, JR.
                                                United States District Judge
22

23

24

25

26

27

28