Christine C. Capuyan (SBN 281036)
  christine.capuyan@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

Joseph J. Mueller (*pro hac vice*)
  joseph.mueller@wilmerhale.com
Sarah B. Petty (*pro hac vice*)
  sarah.petty@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Nina S. Tallon (*pro hac vice*)
  nina.tallon@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone:     (202) 663-6000
Facsimile:      (202) 663-6363

*Attorneys for Defendant and
Counterclaim-Plaintiff McAfee, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TVIIM, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MCAFEE, INC.,<br><br>　　　　　Defendant. | **Civil Action No. 3:13-CV-04545-HSG**<br><br>**AMENDED DECLARATION OF LAURIE CHARRINGTON IN SUPPORT OF TVIIM'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL (TVIIM'S MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF LANCE GUNDERSON)** |

I, Laurie Charrington, declare and state as follows:

1. I am an attorney at Intel Corporation ("Intel"). My title is Senior Litigation Counsel, Law and Policy Group.

2. Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in support of TVIIM's Administrative Motion to File Documents under Seal (D.I. 118) and in response to the Court's Order Denying Motions to Seal (D.I. 171), to confirm that Exhibits 1-4, 6, 8-9, 11, 18-19 to the Declaration of John Shaeffer in Support of TVIIM's Motion to Exclude Certain Expert Testimony of Lance Gunderson ("Motion to Exclude") (D.I. 117) ("Shaeffer Declaration"), as well as the corresponding pages of TVIIM's Motion to Exclude that disclose this information, are confidential and sealable. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them under oath.

3. McAfee, Inc. ("McAfee") is a wholly owned subsidiary of Intel. As part of my role at Intel, I am familiar with McAfee's efforts to ensure that financial, marketing, sales, and product development, design, testing, and quality assurance information are not disclosed outside select groups of individuals within McAfee.

4. The requested relief is necessarily and narrowly tailored to protect the confidentiality of the information contained in the following exhibits.

5. McAfee will lodge with the court and serve on plaintiff TVIIM, LLC an unredacted copy of the exhibits referenced in this declaration, highlighting in green the specific portions of each page in each exhibit to which McAfee maintains a claim of confidentiality. Should the court grant TVIIM's Motion to Seal the unredacted copy of these exhibits (Dkt. 118), McAfee will publicly file redacted versions of these exhibits.

6. **Exhibit 1.** Exhibit 1 to the Shaeffer Declaration contains the February 16, 2015 Expert Report of Lance E. Gunderson, McAfee's damages expert in this litigation. McAfee designated this report as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (D.I. 62). This report discusses or otherwise references highly confidential McAfee financial information, business and marketing strategies, product development strategy

1  and design choices, as well as technical product information on certain portions of the following
2  pages (as shown at the bottom center of the page): 11, 32-34, 36, 49-56, 59, 60-62, 65-66, 69-
3  70, 76-80, 84-88.[1]  This information could be used by McAfee's competitors to McAfee's
4  disadvantage, particularly because it reveals McAfee's internal financial, product development,
5  and other proprietary information.  It is McAfee's practice and policy to maintain the
6  confidentiality of this information and its disclosure would be harmful to McAfee.

7.  **Exhibit 2.**  Exhibit 2 to the Shaeffer Declaration contains excerpts from the transcript of the deposition of Candace Worley, Senior Vice President and General Manager of McAfee's Endpoint Security business unit.  McAfee designated the deposition transcript as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (D.I. 62).  Certain portions of transcript pages 15-17 contain highly confidential financial information, as well as highly confidential business and sales information.  This information could be used by McAfee's competitors to McAfee's disadvantage, particularly because it reveals McAfee's internal financial and other proprietary information.  It is McAfee's practice and policy to maintain the confidentiality of this information and its disclosure would be harmful to McAfee.

8.  **Exhibit 3.**  Exhibit 3 to the Shaeffer Declaration contains excerpts from the transcript of the deposition of Madhurima Pawar, McAfee's Director of Product Management.  McAfee designated the deposition transcript as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (D.I. 62).  Certain portions of transcript pages 44-52, 102, 203-04, and 219 contain highly confidential information reflecting McAfee's product development, marketing, and sales strategy, including rationales for its decisions.  This information could be used by McAfee's competitors to McAfee's disadvantage, particularly because it reveals McAfee's internal product development and other proprietary information.  It

---

[1] McAfee will lodge with the court and serve on plaintiff TVIIM, LLC an unredacted copy of this exhibit and all other exhibits referenced in this declaration.  McAfee has indicated with green highlighting the specific portions of each exhibit and cited page to which it maintains a claim of confidentiality.  Should the court grant TVIIM's Motion to Seal the unredacted copy of these exhibits (Dkt. 118), McAfee will publicly file redacted versions of these exhibits.

*(Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304)*

1  is McAfee's practice and policy to maintain the confidentiality of this information and its
2  disclosure would be harmful to McAfee.

3        9. **Exhibit 4.** Exhibit 4 to the Shaeffer Declaration contains an internal presentation,
4  which McAfee designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the
5  Protective Order (D.I. 62). Certain portions of pages (shown at the bottom right) 121-28, 131-
6  32 contain highly confidential and proprietary information reflecting McAfee's product
7  development strategy and design choices. This information could be used by McAfee's
8  competitors to its disadvantage, particularly because it reveals McAfee's internal product
9  development, design, and other proprietary information. It is McAfee's practice and policy to
10 maintain the confidentiality of this information and its disclosure would be harmful to McAfee.

11       10. **Exhibit 6.** Exhibit 6 to the Shaeffer Declaration contains an internal email, which
12 McAfee designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the
13 Protective Order (D.I. 62). Certain portions of pages (shown at the bottom right) 137-44
14 contain highly confidential information concerning McAfee's product development, testing and
15 strategy. This information could be used by McAfee's competitors to McAfee's disadvantage,
16 particularly because it reveals McAfee's internal product development and other proprietary
17 information. It is McAfee's practice and policy to maintain the confidentiality of this
18 information and its disclosure would be harmful to McAfee.

19       11. **Exhibit 8.** Exhibit 8 to the Shaeffer Declaration contains an internal email
20 marked "COMPANY CONFIDENTIAL," which McAfee designated as "CONFIDENTIAL –
21 ATTORNEYS' EYES ONLY." Certain portions of pages (shown at the bottom right) 150-52
22 contain highly confidential information concerning McAfee's product development, testing, and
23 marketing strategy. This information could be used by McAfee's competitors to McAfee's
24 disadvantage, particularly because it reveals McAfee's internal product development, testing,
25 marketing and other proprietary information. It is McAfee's practice and policy to maintain the
26 confidentiality of this information and its disclosure would be harmful to McAfee.

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

12. **Exhibit 9.** Exhibit 9 to the Shaeffer Declaration contains excerpts from the transcript of the deposition of Greg Cummings, McAfee's Senior Director of Engineering. McAfee designated the deposition transcript as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (D.I. 62). Certain portions of transcript pages 31 and 139-41 contain highly confidential information reflecting McAfee's product development, testing, and quality assurance timelines and strategies. These excerpts also reference and discuss the highly confidential internal email discussed above and attached as Exhibit 8 to the Shaeffer Declaration. This information could be used by McAfee's competitors to McAfee's disadvantage, particularly because it reveals McAfee's internal product development, testing, marketing and other proprietary information. It is McAfee's practice and policy to maintain the confidentiality of this information and its disclosure would be harmful to McAfee.

13. **Exhibit 11.** Exhibit 11 to the Shaeffer Declaration contains excerpts from the transcript of the deposition of Alexandra Yakubov, Worldwide Consumer Product Marketing Manager at McAfee. McAfee designated the deposition transcript as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (D.I. 62). Certain portions of transcript pages 128-29 contain highly confidential version and release information regarding the accused product's component software. This information could be used by McAfee's competitors to McAfee's disadvantage. It is McAfee's practice and policy to maintain the confidentiality of this information and its disclosure would be harmful to McAfee.

14. **Exhibit 18.** Exhibit 18 to the Shaeffer Declaration contains the January 16, 2015 Expert Report of Bruce McFarlane, TVIIM's damages expert in this litigation. TVIIM designated this report as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (D.I. 62). This report discusses or otherwise references highly confidential McAfee financial information, business and marketing strategies, product development strategy and design choices, as well as technical product information on certain portions of the following pages: 2, 7-17, 20-23, 47-48, 50, 54-63, 85, 87-94, 96, 98-102, 104-05, 107-12, 114-19, 125, 127-29, 131-32, 134, 136-41, 143-150. This information could be used by McAfee's

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

1 competitors to McAfee's disadvantage, particularly because it reveals McAfee's internal
2 financial, product development, and other proprietary information. It is McAfee's practice and
3 policy to maintain the confidentiality of this information and its disclosure would be harmful to
4 McAfee.

5       15. **Exhibit 19.** Exhibit 19 to the Shaeffer Declaration contains excerpts from the
6 transcript of the deposition of Lance E. Gunderson, McAfee's damages expert in this litigation.
7 McAfee designated the deposition transcript as "CONFIDENTIAL – ATTORNEYS' EYES
8 ONLY" under the Protective Order (D.I. 62). Certain portions of transcript pages 126-27
9 discuss an internal McAfee document that McAfee designated as "CONFIDENTIAL –
10 ATTORNEYS' EYES ONLY." This document further discusses McAfee's confidential
11 product development and testing strategy.[2] This information could be used by McAfee's
12 competitors to McAfee's disadvantage, particularly because it reveals McAfee's internal
13 product development, testing, and other proprietary information. It is McAfee's practice and
14 policy to maintain the confidentiality of this information and its disclosure would be harmful to
15 McAfee.

16       16. TVIIM's Motion to Exclude discusses highly confidential information from
17 Exhibits 1-4, 6-9, 11, and 19 to the Shaeffer Declaration, as shown below.[3]

| Page(s):Line(s) Discussing McAfee's Highly Confidential Information | Highly Confidential Exhibits Cited and Discussed |
|---|---|
| 4:2–5:4 and footnotes 6-8 | Exhibits 1-4, 6-9, and 11 |
| 9:22–10:2 and footnote 20 | Exhibits 1, 19 |
| 10:24-11:3 | Exhibit 1 |

---

[2] The discussion on transcript page 127 suggests that the content in the underlying exhibit being discussed was communicated to third parties on a non-confidential basis. However, the exhibit itself (Exhibit 8 to the Shaeffer Declaration, discussed above) indicates that the content was distributed confidentially to other McAfee worldwide employees (through the internal email distribution list referred to as "DL WW Employees").

[3] TVIIM has already publicly filed a redacted copy of this Motion at Dkt. 116, and McAfee understands that TVIIM has already lodged with the court an unredacted copy of this Motion, highlighting at least the specific portions cited in this chart. McAfee accordingly does not intend to lodge with the Court nor serve on TVIIM another unredacted copy of this motion.

| 5:16-23 | Exhibits 7-9 |
|---|---|

It is McAfee's practice and policy to maintain the confidentiality of this information. Disclosure of this information would be harmful to McAfee, for the same reasons discussed above.

17. McAfee does not maintain a claim of confidentiality with respect to Exhibit 5 to the Shaeffer Declaration.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge. Executed this 15th of June, 2015 at Santa Clara, California.

Dated: June 15, 2015                     By: _/s/ Laurie Charrington_____

                                         Laurie Charrington

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA  94304

**CIVIL LOCAL RULE 5-1(i)(3) ATTESTATION**

I hereby attest that concurrence in this filing had been obtained from Laurie Charrington and a copy of her original signature is on file.

Dated: June 15, 2015 　　　　　　　　　　　　　　　　　*/s/ Christine Capuyan*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Christine Capuyan

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury under the laws of the United States that a true and correct copy of the above and foregoing document has been served on June 15, 2015, to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

Dated: June 15, 2015 　　　　　　　　　　　　　　　　　*/s/ Christine Capuyan*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Christine Capuyan

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

7　　AMENDED CHARRINGTON DECL. ISO TVIIM'S MOTION TO SEAL (MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF LANCE GUNDERSON)
3:13-CV-04545-HSG