Christine C. Capuyan (SBN 281036)
  christine.capuyan@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

Joseph J. Mueller (*pro hac vice*)
  joseph.mueller@wilmerhale.com
Sarah B. Petty (*pro hac vice*)
  sarah.petty@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Nina S. Tallon (*pro hac vice*)
  nina.tallon@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone:     (202) 663-6000
Facsimile:     (202) 663-6363

*Attorneys for Defendant and
Counterclaim-Plaintiff McAfee, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TVIIM, LLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>MCAFEE, INC.,<br><br>                    Defendant. | **Civil Action No. 3:13-CV-04545-HSG**<br><br>**AMENDED DECLARATION OF LAURIE CHARRINGTON IN SUPPORT OF MCAFEE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL (MCAFEE'S OPPOSITION TO TVIIM'S MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF LANCE GUNDERSON)** |

I, Laurie Charrington, declare and state as follows:

1. I am an attorney at Intel Corporation ("Intel"). My title is Senior Litigation Counsel, Law and Policy Group.

2. Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in support of McAfee's Administrative Motion to File Documents under Seal (D.I. 130) and in response to the Court's Order Denying Motions to Seal (D.I. 171), to confirm that Exhibits 2, 4, 18-19, 22-26, and 30 to the Declaration of Joseph J. Mueller ("Mueller Declaration") in Support of McAfee's Opposition to TVIIM, LLC's Motion to Exclude Certain Expert Testimony of Lance Gunderson ("Opposition"), as well as the corresponding pages of McAfee's Opposition that disclose information contained in those exhibits, are confidential and sealable. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them under oath.

3. McAfee, Inc. ("McAfee") is a wholly owned subsidiary of Intel. As part of my role at Intel, I am familiar with McAfee's efforts to ensure that financial, marketing, and product development, design, and prototype information are not disclosed outside select groups of individuals within McAfee.

4. The requested relief is necessarily and narrowly tailored to protect the confidentiality of the information contained in the following exhibits.

5. McAfee will lodge with the court and serve on plaintiff TVIIM, LLC an unredacted copy of the exhibits referenced in this declaration, highlighting in green the specific portions of each page in each exhibit to which McAfee maintains a claim of confidentiality. Should the court grant TVIIM's Motion to Seal the unredacted copy of these exhibits (Dkt. 118), McAfee will publicly file redacted versions of these exhibits.

6. **Exhibit 2.** Exhibit 2 to the Mueller Declaration contains excerpts from the February 16, 2015 Expert Report of Lance E. Gunderson, McAfee's damages expert in this litigation. McAfee designated this report as "CONFIDENTIAL – ATTORNEYS' EYES

ONLY" under the Protective Order (D.I. 62). Certain portions of pages 11, 32-36, 49-56, 59-62, 65-66, 69-70, 76 of this report discuss or otherwise reference highly confidential McAfee financial information, business and marketing strategies, product development strategies, and product design choices and potential costs. This information could be used by McAfee's competitors to McAfee's disadvantage, particularly because it reveals McAfee's internal financial, product development, and other proprietary information. It is McAfee's practice and policy to maintain the confidentiality of this information and its disclosure would be harmful to McAfee.

7. **Exhibit 4.** Exhibit 4 to the Mueller Declaration contains excerpts from the January 16, 2015 Expert Report of Dr. Moses Garuba, TVIIM's infringement expert in this litigation. TVIIM designated this report as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (D.I. 62). These excerpts discuss or otherwise reference highly confidential McAfee product development strategy, design choices, internal release timelines, source code, and other technical documents on certain portions of the following pages: 9, 12, 32, 39. This information could be used by McAfee's competitors to McAfee's disadvantage, particularly because it reveals McAfee's internal product development and other proprietary information. It is McAfee's practice and policy to maintain the confidentiality of this information and its disclosure would be harmful to McAfee.

8. **Exhibit 18.** Exhibit 18 to the Mueller Declaration contains excerpts from the January 16, 2015 Expert Report of Bruce McFarlane, TVIIM's damages expert in this litigation. TVIIM designated this report as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (D.I. 62). These excerpts discuss or otherwise reference highly confidential McAfee product development information and design choices on certain portions of the following pages: 62-63. These excerpts also reference the highly confidential internal emails discussed below and attached as Exhibit 26 to the Mueller Declaration. This information could be used by McAfee's competitors to McAfee's disadvantage, particularly because it reveals

1  McAfee's internal product development and other proprietary information.  It is McAfee's
2  practice and policy to maintain the confidentiality of this information and its disclosure would
3  be harmful to McAfee.

4        9.  **Exhibit 19.**  Exhibit 19 to the Mueller Declaration contains excerpts from the
5  February 16, 2015 Rebuttal Expert Report of Aviel D. Rubin, Ph.D., McAfee's technical expert
6  in this litigation.  McAfee designated this report as "CONFIDENTIAL – OUTSIDE
7  ATTORNEYS' EYES ONLY – RESTRICTED" under the Protective Order (D.I. 62).  These
8  excerpts discuss or otherwise reference highly confidential McAfee product development and
9  design information—including detailed source code information on certain portions of the
10 following pages: 19-20, 24, 81-82.  McAfee provides its source code with the highest level of
11 protection and security within McAfee, and limits access to it to only select groups of
12 authorized employees.  McAfee views its source code as highly proprietary, extremely valuable,
13 and one of its most protected assets.  McAfee's internal and proprietary product development
14 and design information—especially information contained and reflected in McAfee's highly
15 confidential source code—could be used by McAfee's competitors to McAfee's disadvantage.
16 It is McAfee's practice and policy to maintain the confidentiality of this information and its
17 disclosure would be harmful to McAfee.

18       10.  **Exhibit 22.**  Exhibit 22 to the Mueller Declaration contains excerpts from the
19 transcript of the deposition of Yannick Yu, a software engineering manager at McAfee.
20 McAfee designated the deposition transcript as "CONFIDENTIAL – ATTORNEYS' EYES
21 ONLY" under the Protective Order (D.I. 62).  Certain portions of transcript pages 26, 29, 52-53,
22 134, 172-74,  176-77 discuss or otherwise reference highly confidential McAfee product
23 development information—including draft and interim product design elements and prototype
24 features.  These pages also discuss highly confidential McAfee internal documents including the
25 design document and internal emails discussed below and attached as Exhibits 24-25 to the
26 Mueller Declaration.  This information could be used by McAfee's competitors to McAfee's

1  disadvantage, particularly because it reveals McAfee's internal product development and other
2  proprietary information.  It is McAfee's practice and policy to maintain the confidentiality of
3  this information and its disclosure would be harmful to McAfee.

4            11. **Exhibit 23.**  Exhibit 23 to the Mueller Declaration contains excerpts from the
5  transcript of the deposition of Armando Murga, a senior software developer at McAfee.
6  McAfee designated the deposition transcript as "CONFIDENTIAL – ATTORNEYS' EYES
7  ONLY" under the Protective Order (D.I. 62).  Certain portions of transcript pages 50-58, 211-
8  12, 215-16, 341contain highly confidential information reflecting McAfee's product
9  development information—including draft and interim product design elements and source code
10 integration process.  These excerpts also reference highly confidential internal documents
11 reflecting McAfee's highly confidential product development information.  This information
12 could be used by McAfee's competitors to McAfee's disadvantage, particularly because it
13 reveals McAfee's internal product development and other proprietary information.  It is
14 McAfee's practice and policy to maintain the confidentiality of this information and its
15 disclosure would be harmful to McAfee.

16           12. **Exhibit 24.**  Exhibit 24 to the Mueller Declaration contains McAfee internal
17 emails, which McAfee designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY"
18 under the Protective Order (D.I. 62).  Certain portions of the pages (shown at the bottom left)
19 .001-.002 contain highly confidential and proprietary information reflecting McAfee's product
20 design choices, considerations, and planned improvements.  This information could be used by
21 McAfee's competitors to its disadvantage, particularly because it reveals McAfee's internal
22 product development, design, and other proprietary information.  It is McAfee's practice and
23 policy to maintain the confidentiality of this information and its disclosure would be harmful to
24 McAfee.

25           13. **Exhibit 25.**  Exhibit 25 to the Mueller Declaration contains a McAfee internal
26 design document, which McAfee designated as "CONFIDENTIAL – ATTORNEYS' EYES

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

4   AMENDED CHARRINGTON DECL. ISO MCAFEE'S
MOTION TO SEAL (MCAFEE'S OPP. TO
TVIIM'S MOTION TO EXCLUDE)
3:13-CV-04545-HSG

ONLY" under the Protective Order (D.I. 62). Certain portions of pages (shown at the bottom left) .001-.058 contain highly confidential and proprietary information reflecting McAfee's interim product design choices, considerations, planned improvements, and internal user-interface design feedback. This information could be used by McAfee's competitors to its disadvantage, particularly because it reveals McAfee's internal product development, design, and other proprietary information. It is McAfee's practice and policy to maintain the confidentiality of this information and its disclosure would be harmful to McAfee.

14. **Exhibit 26.** Exhibit 26 to the Mueller Declaration contains McAfee internal emails, which McAfee designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (D.I. 62). Certain portions of the pages Bates-numbered 84918DOC012293-95 contain highly confidential and proprietary information reflecting McAfee's interim product prototype features, design choices, considerations, planned improvements, and internal design feedback. This information could be used by McAfee's competitors to its disadvantage, particularly because it reveals McAfee's internal prototype development, design, and other proprietary information. It is McAfee's practice and policy to maintain the confidentiality of this information and its disclosure would be harmful to McAfee.

15. **Exhibit 30.** Exhibit 30 to the Mueller Declaration contains a McAfee internal newsletter marked "COMPANY CONFIDENTIAL" and McAfee internal emails, which McAfee designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Certain portions of pages (shown at bottom right) 150-52 contain highly confidential information concerning McAfee's product development, testing, and feedback. This information could be used by McAfee's competitors to McAfee's disadvantage, particularly because it reveals McAfee's internal product development, testing, and other proprietary information. It is McAfee's practice and policy to maintain the confidentiality of this information and its disclosure would be harmful to McAfee.

16. McAfee's Opposition discusses highly confidential information from Exhibits 4, 18-19, 22-26, and 30 to the Mueller Declaration, as shown below.[1]

| Page(s):Line(s) Discussing McAfee's Highly Confidential Information | Highly Confidential Exhibits Cited and Discussed |
|---|---|
| 8:5-7 | Exhibits 22-23 |
| 8:12-9:8 | Exhibits 19, 22, 24-26 |
| 12:16-23 | Exhibits 4, 18-19 |
| 12:25-13:14 | Exhibits 23, 30 |

It is McAfee's practice and policy to maintain the confidentiality of this information. Disclosure of this information would be harmful to McAfee, for the same reasons discussed above.

---

[1] McAfee has already publicly filed a redacted copy of this Opposition at Dkt. 131, and McAfee has already lodged with the Court and served TVIIM with an unredacted copy of this Opposition, highlighting the specific portions cited in this chart. McAfee accordingly does not intend to lodge with the Court nor serve on TVIIM another unredacted copy of this Opposition.

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

1   I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge. Executed this 15th of June, 2015 at Santa Clara, California.

Dated: June 15, 2015                              By: /s/ *Laurie Charrington*
                                                       Laurie Charrington

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

7    AMENDED CHARRINGTON DECL. ISO MCAFEE'S MOTION TO SEAL (MCAFEE'S OPP. TO TVIIM'S MOTION TO EXCLUDE)
3:13-CV-04545-HSG

**CIVIL LOCAL RULE 5-1(i)(3) ATTESTATION**

I hereby attest that concurrence in this filing had been obtained from Laurie Charrington and that records to support this concurrence are on file.

Dated: June 15, 2015                                    */s/ Christine Capuyan*
                                                                        Christine Capuyan

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury under the laws of the United States that a true and correct copy of the above and foregoing document has been served on June 15, 2015, to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

Dated: June 15, 2015                                    */s/ Christine Capuyan*
                                                                        Christine Capuyan