Christine C. Capuyan (SBN 281036)
    christine.capuyan@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

Joseph J. Mueller (*pro hac vice*)
    joseph.mueller@wilmerhale.com
Sarah B. Petty (*pro hac vice*)
    sarah.petty@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Nina S. Tallon (*pro hac vice*)
    nina.tallon@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone:     (202) 663-6000
Facsimile:     (202) 663-6363

*Attorneys for Defendant and
Counterclaim-Plaintiff McAfee, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TVIIM, LLC,<br><br>                Plaintiff,<br><br>      v.<br><br>MCAFEE, INC.,<br><br>                Defendant. | **Civil Action No. 3:13-CV-04545-HSG**<br><br>**AMENDED DECLARATION OF LAURIE CHARRINGTON IN SUPPORT OF TVIIM'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Laurie Charrington, declare and state as follows:

1. I am an attorney at Intel Corporation ("Intel"). My title is Senior Litigation Counsel, Law and Policy Group.

2. Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in support of TVIIM's Administrative Motion to File Documents under Seal (D.I 137) and in response to the Court's Order Denying Motions to Seal (D.I. 171), to confirm that Exhibits A, B, and C to the Supplemental Declaration of John Shaeffer ("Supplemental Shaeffer Declaration") (D.I. 136), as well as certain pages of TVIIM, LLC's Reply in Support of Its Motion to Exclude Certain Expert Testimony of Lance Gunderson ("TVIIM's Reply") are confidential and sealable. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them under oath.

3. McAfee, Inc. ("McAfee") is a wholly owned subsidiary of Intel. As part of my role at Intel, I am familiar with McAfee's efforts to ensure that financial, marketing, and product development, design, and prototype information are not disclosed outside select groups of individuals within McAfee.

4. The requested relief is necessarily and narrowly tailored to protect the confidentiality of the information contained in the following exhibits.

5. McAfee will lodge with the court and serve on plaintiff TVIIM, LLC an unredacted copy of the exhibits referenced in this declaration, highlighting in green the specific portions of each page in each exhibit to which McAfee maintains a claim of confidentiality. Should the court grant TVIIM's Motion to Seal the unredacted copy of these exhibits (Dkt. 118), McAfee will publicly file redacted versions of these exhibits.

6. **Exhibit A.** Exhibit A to the Supplemental Shaeffer Declaration contains excerpts from the transcript of the deposition of Lal Narayanasamy, a product manager at McAfee. McAfee designated the deposition transcript as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (D.I. 62). Certain portions of transcript pages 225-28, 291-92 contain highly confidential and proprietary information regarding McAfee's product beta

1 testing, design choices and considerations, planned improvements, and internal design feedback. These excerpts also reference highly confidential internal emails discussing the same. This information could be used by McAfee's competitors to McAfee's disadvantage, particularly because it reveals McAfee's internal product development and other proprietary information. It is McAfee's practice and policy to maintain the confidentiality of this information and its disclosure would be harmful to McAfee.

7. **Exhibit B.** Exhibit B to the Supplemental Shaeffer Declaration contains McAfee internal emails, which McAfee designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (D.I. 62). Certain portions of pages (shown at the bottom right) 14-16 reference highly confidential McAfee product development information—including interim product design. This information could be used by McAfee's competitors to its disadvantage, particularly because it reveals McAfee's internal product development, design, and other proprietary information. It is McAfee's practice and policy to maintain the confidentiality of this information and its disclosure would be harmful to McAfee.

8. **Exhibit C.** Exhibit C to the Supplemental Shaeffer Declaration contains McAfee internal emails, which McAfee designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (D.I. 62). A certain portion of page (shown at the bottom right) 18 contains highly confidential and proprietary information regarding certain features of McAfee's products and reasons for this inclusion. This information could be used by McAfee's competitors to its disadvantage. It is McAfee's practice and policy to maintain the confidentiality of this information and its disclosure would be harmful to McAfee.

9. TVIIM's Reply discusses highly confidential information disclosed in Exhibits A-C to the Supplemental Shaeffer Declaration (D.I. 136), Exhibits 3, 6-9 to the Declaration of John Shaeffer in Support of TVIIM's Motion to Exclude Certain Expert Testimony of Lance Gunderson ("Shaeffer Daubert Declaration") (D.I. 117), and certain portions of McAfee, Inc.'s Opposition to TVIIM's Motion to Exclude Certain Expert Testimony of Lance Gunderson

("McAfee's Opposition") (D.I. 131 (redacted); D.I. 130-5 (unredacted and sealed)), as shown below.[1]

| Page(s):Line(s) Discussing McAfee's Highly Confidential Information | Highly Confidential Exhibits Cited and Discussed |
|---|---|
| 3:9-10, 14-16 | • Shaeffer Daubert Declaration Exs. 3, 7-9 |
| 6:12-7:3 | • Shaeffer Daubert Declaration Exs. 6-9 |
| | • McAfee's Opposition at page 13, lines 7-9, 14 |
| | • Supplemental Shaeffer Declaration Exs. A-C |

It is McAfee's practice and policy to maintain the confidentiality of this information. Disclosure of the information contained in Exhibits A-C of the Supplemental Shaeffer Declaration would be harmful to McAfee for the same reasons discussed above. Disclosure of the information contained in Exhibits 3, 6-9 to the Shaeffer Daubert Declaration and on page 13, lines 7-9, 14 of McAfee's Opposition would be harmful to McAfee for the same reasons discussed in my declaration in support of McAfee's Administrative Motion to File Documents under Seal (declaration previously filed as D.I. 130-2).

---

[1] TVIIM has already publicly filed a redacted copy of this Reply at Dkt. 135, and McAfee understands that TVIIM has already lodged with the court an unredacted copy of this Reply, highlighting at least the specific portions cited in this chart. McAfee accordingly does not intend to lodge with the Court nor serve on TVIIM another unredacted copy of this motion.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge. Executed this 15th of June, 2015 at Santa Clara, California.

Dated: June 15, 2015   By: */s/ Laurie Charrington*
                          Laurie Charrington

**CIVIL LOCAL RULE 5-1(i)(3) ATTESTATION**

I hereby attest that concurrence in this filing had been obtained from Laurie Charrington and that records to support this concurrence are on file.

Dated: June 15, 2015                           */s/ Christine Capuyan*
                                                Christine Capuyan

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury under the laws of the United States that a true and correct copy of the above and foregoing document has been served on June 15, 2015, to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

Dated: June 15, 2015                           */s/ Christine Capuyan*
                                                Christine Capuyan

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA  94304

5                         AMENDED CHARRINGTON DECL. ISO
                          TVIIM'S MOTION TO SEAL
                          3:13-CV-04545-HSG