UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TVIIM, LLC,
        Plaintiff,

v.

MCAFEE, INC.,
        Defendant.

Case No. 13-cv-04545-HSG

**ORDER DENYING MOTIONS TO SEAL**

Re: Dkt. Nos. 161, 163, 164

Pending before the Court are three motions to file under seal—one filed by Plaintiff TVIIM, LLC and two filed by Defendant McAfee, Inc.—documents related to the parties' respective motions in limine. No oppositions to the motions to seal were filed, and the time to do so has passed.

**I.  LEGAL STANDARD**

"[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7). "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, the party seeking to seal a judicial record related to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (internal citations, quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing

court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base it decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Because motions in limine are nondispositive motions, the Court applies the "good cause" standard to the pending motions to seal.

## II. DISCUSSION

### A. Plaintiff's Administrative Motion To File Documents Under Seal In Support Of Its Motions In Limine

On June 9, 2015, Plaintiff filed an administrative motion to file under seal exhibits G and H to the declaration of John Shaeffer in support of Plaintiff's motions in limine, and certain portions of Plaintiff's motion in limine No. 4. Dkt. No. 161. Plaintiff seeks to redact the entirety of the exhibits.

In its motion to seal, Plaintiff states that it seeks to file exhibit G under seal because it has been marked as "Highly Confidential - Attorneys' Eyes Only" by Defendant. *Id.* at 1. Plaintiff does not offer any support for its motion to seal exhibit G aside from the statement that the document "has been designated by [Defendant] as sealable for containing highly sensitive confidential information, disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means." *Id.* Defendant did not file a declaration in support of Plaintiff's motion to seal. However, it is unclear whether Plaintiff ever served the declaration of Jeff Grant in support of its motion in limine on Defendant, in accordance with Civil Local Rule 79-5(e), since Plaintiff did not file a certificate of service. Therefore, the Court DENIES Plaintiff's motion to seal exhibit G. If Plaintiff wishes to try again, it may refile its motion to seal, as well as the accompanying certificate of service required by Local Rule 79-5(e), by June 17, 2015. Otherwise, the Court will not consider exhibit G.

As to exhibit H, Plaintiff states that it "contains confidential financial information of third parties, as well as, TVIIM." *Id.* In the declaration accompanying its motion to seal, Plaintiff states that the disclosure of such information "would create a substantial risk of serious harm that could not be avoided by less restrictive means." Dkt. No. 161-1 ¶ 6. The Court finds that this conclusory statement does not constitute the required "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips*, 307 F.3d at 1210–11. Furthermore, the Court finds that the proposed redaction of exhibit H in its entirety is not "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5. The Court therefore DENIES the motion as to exhibit H. If Plaintiff wishes to file an amended motion

1  to seal and declaration in support of such motion that identifies those *specific* portions of exhibit H
2  that contain sealable information, and the particularized reasons why such portions should be
3  sealed, it may do so by June 18, 2015.  Otherwise, the Court will not consider exhibit H unless an
4  unredacted version is filed within seven days of the date of this Order.

5  The above analysis applies equally to the proposed redactions of Plaintiff's motion in
6  limine.  *See* Dkt. No. 161-1 ¶ 7.

### B. Defendant's Administrative Motion To File Documents Under Seal In Support Of Its Motion In Limine No. 1

On June 9, 2015, Defendant filed an administrative motion to file under seal exhibits 2 and 3 to the declaration of Joseph J. Mueller in support of Defendant's motion in limine No. 1, as well as portions of the motion in limine.  Dkt. No. 163.  Defendant seeks to redact the entirety of the exhibits.

In the declaration accompanying its motion to seal, Defendant states that it seeks to file exhibits 2 and 3 under seal because they "discuss or otherwise reference highly confidential McAfee patent, software, and/or technology licensing information" that "could be used by McAfee's competitors to McAfee's disadvantage, particularly because it reveals McAfee's licensing history."  Dkt. No. 163-2 ¶¶ 5-6.  The Court agrees that these reasons would constitute "good cause" to seal the documents, but finds that Defendant's proposed redactions of exhibits 2 and 3 in their entirety are not "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5.  The Court therefore DENIES the motion.  If Defendant wishes to file an amended declaration in support of its motion to seal that identifies those specific portions of exhibits 2 and 3 that contain sealable information, it may do so by June 18, 2015.  Otherwise, the Court will not consider those exhibits unless unredacted versions are filed within seven days of the date of this Order.

The above analysis applies equally to the proposed redactions of Defendant's motion in limine.  *See* Dkt. No. 163-2 ¶ 7.

4

### C. Defendant's Administrative Motion To File Documents Under Seal In Support Of Its Motion In Limine No. 2

On June 9, 2015, Defendant filed an administrative motion to file under seal exhibit 3 to the declaration of Joseph J. Mueller in support of Defendant's motion in limine No. 2. Dkt. No. 164. Defendant seeks to redact the entirety of the exhibit.

In the declaration accompanying its motion to seal, Defendant states that it seeks to file exhibit 3 under seal because it contains information regarding Defendant's "product design choice" that "could be used by [Defendant's] competitors to [Defendant's] disadvantage, particularly because it reveals [Defendant's] proprietary technical information." Dkt. No. 164-2 ¶ 5.

As with the previous motion, the Court agrees that the reasons articulated by Defendant would constitute "good cause" to seal the documents, but finds that Defendant's proposed redaction of exhibit 3 in its entirety is not "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5. The Court therefore DENIES the motion. If Defendant wishes to file an amended declaration in support of its motion to seal that identifies those specific portions of exhibit 3 that contain sealable information, it may do so by June 18, 2015. Otherwise, the Court will not consider that exhibit unless an unredacted version is filed within seven days of the date of this Order.

### III. CONCLUSION

For the foregoing reasons, the parties' administrative motions to seal are DENIED. The Court directs the parties to review and strictly comply with Civil Local Rule 79-5.

**IT IS SO ORDERED.**

Dated: June 16, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge