CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

Katherine D. Prescott (SBN 215496)
  katherine.prescott@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

Joseph J. Mueller (*pro hac vice*)
  joseph.mueller@wilmerhale.com
Sarah B. Petty (*pro hac vice*)
  sarah.petty@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

*Attorneys for Defendant and
Counterclaim-Plaintiff McAfee, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TVIIM, LLC,<br><br>                    Plaintiff,<br><br>      v.<br><br>MCAFEE, INC.,<br><br>                    Defendant. | **Civil Action No. 3:13-CV-04545 (VC)**<br><br>**MCAFEE, INC.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF TVIIM, LLC's FIRST SET OF INTERROGATORIES (NOS. 1-6)** |

Exhibit 09

0968

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA  94304

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

In accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant McAfee, Inc. ("McAfee" or "Defendant") hereby supplements its objections and responses to Plaintiff TVIIM, LLC's ("TVIIM's") First Set of Interrogatories, dated January 17, 2014 ("First Set of Interrogatories").

## **GENERAL OBJECTIONS AND RESPONSES**

McAfee makes the following objections to TVIIM's First Set of Interrogatories, and to each and every Instruction, Definition, and Interrogatory therein.

1.     McAfee objects to this First Set of Interrogatories, and each Instruction, Definition, and Interrogatory therein, to the extent it seeks to impose upon McAfee any obligation beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, including the Patent Local Rules of this Court, and/or other Orders of this Court entered in this action.

2.     McAfee objects to each Interrogatory to the extent that it is vague, ambiguous, and/or seeks information that is not relevant to the claims or defenses of any party in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

3.     McAfee objects to this First Set of Interrogatories, and each Instruction, Definition, and Interrogatory therein, to the extent it seeks information concerning products not at issue in this case.

4.     McAfee objects to each Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable protection, privilege, or immunity.  McAfee intends to and does claim and assert all such protections, privileges, and immunities.  As referred to below, McAfee will state the bases for any such claims and assertions in a privilege log.  To the extent

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA  94304

MCAFEE, INC.'S FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS PLAINTIFF
TVIIM, LLC'S FIRST SET OF
INTERROGATORIES (NOS. 1-6)
3:13-CV-04545 (VC)

**Exhibit 09**

0969

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

privileged or protected information is included in any responses, this is inadvertent and shall not constitute a waiver of any applicable protection.

5.      McAfee objects to each Interrogatory to the extent that it seeks information that McAfee is under an obligation to a third party or a court order not to disclose.  McAfee will provide responsive, non-privileged, confidential information from third parties only after appropriate consents from relevant third parties are obtained and in accordance with an appropriate Protective Order.

6.      McAfee objects to each Interrogatory to the extent it is not limited in scope or limited to a reasonable time period.  Unless otherwise indicated, McAfee's responses are limited to the period from October 1, 2007 to date.  *Cf.* 35 U.S.C. § 286 ("[N]o recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement.").

7.      McAfee objects to each Interrogatory to the extent it seeks information regarding accused products or accused instrumentalities that are not made, used, offered for sale, sold in or imported into the United States.

8.      McAfee objects to each Interrogatory to the extent it seeks information that is not known to McAfee or not in McAfee's possession, custody, or control.

9.      McAfee objects to each Interrogatory to the extent it seeks information that is publicly available or otherwise already known to TVIIM.

10.      McAfee objects to each Interrogatory to the extent it employs imprecise specifications of the information sought; McAfee will provide only that information which can reasonably be identified as responsive.

MCAFEE, INC.'S FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS PLAINTIFF
TVIIM, LLC'S FIRST SET OF
INTERROGATORIES (NOS. 1-6)
3:13-CV-04545 (VC)

**Exhibit 09**

0970

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA  94304

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

11.     McAfee objects to each Interrogatory to the extent it is duplicative, repetitive, or seeks information included in other discovery propounded by TVIIM in this action.

12.     McAfee objects to each Interrogatory to the extent it calls for a legal conclusion.

13.     McAfee objects to each Interrogatory to the extent that it requires premature expert discovery or testimony.  McAfee reserves the right to amend or supplement its responses after considering opinions rendered by any party's experts, though McAfee does not undertake to do so except to the extent required by the Federal Rules of Civil Procedure.

14.     McAfee objects to each Interrogatory to the extent that it is dependent on depositions and documents that have not yet been taken or produced.

## SPECIFIC OBJECTIONS TO INSTRUCTIONS

1.     McAfee objects to Instruction No. 15, which purports to require McAfee to state the basis for any claim of privilege in its interrogatory responses themselves, on the grounds that it is overly burdensome and seeks to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, including the Patent Local Rules of this Court, and/or other Orders of this Court entered in this action.  McAfee will state the bases for any claim or assertion of protection, privilege, or immunity in a privilege log.

2.     McAfee objects to Instruction No. 18, which purports to require supplementation of responses within 15 days of learning new information, on the grounds that it is overly burdensome and seeks to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, including the Patent Local Rules of this Court, and/or other Orders of this Court entered in this action.  McAfee will supplement its responses as necessary during the fact discovery period, the timeline for which is to be set by the Court.

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA  94304

MCAFEE, INC.'S FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS PLAINTIFF
TVIIM, LLC'S FIRST SET OF
INTERROGATORIES (NOS. 1-6)

3:13-CV-04545 (VC)

**Exhibit 09**

**0971**

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

3.      McAfee objects to Instruction No. 19, which purports to require McAfee to attach copies of all documents cited in an interrogatory response to the response itself,  on the grounds that it is overly burdensome and seeks to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, including the Patent Local Rules of this Court, and/or other Orders of this Court entered in this action.  McAfee will comply with the requirements of Federal Rule of Civil Procedure 33(d) and will produce during discovery copies of any documents it cites in interrogatory responses.

## SPECIFIC OBJECTIONS TO DEFINITIONS

1.      McAfee objects to TVIIM's definition of "YOU," "DEFENDANT," or "MCAFEE" as vague, overly broad, and unduly burdensome.  McAfee further objects to the definitions to the extent they purport to require McAfee to search for or produce information outside of McAfee's own possession, custody, or control.  For the purposes of this First Set of Interrogatories, McAfee will understand "YOU," "DEFENDANT," or "MCAFEE" to refer to McAfee, Inc.

2.      McAfee objects to TVIIM's definition of "PLAINTIFF" or "INNERWALL" as vague, overly broad, and unduly burdensome.  In particular, Innerwall, Inc., the assignee listed on the face of the asserted patent, appears to be a separate entity with no relation to TVIIM.  For the purposes of this First Set of Interrogatories, McAfee will understand "PLAINTIFF" to refer to TVIIM, LLC.

3.      McAfee objects to TVIIM's definition of "DOCUMENT(S)" to the extent it seeks to impose any obligation beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, including the Patent Local Rules of this Court, and/or other Orders of this Court entered in this action.

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA  94304

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit 09**

**0972**

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

4.      McAfee objects to TVIIM's definition of "VULNERABILITIES" to the extent that TVIIM is attempting to construe a claim term, which is an issue of law and the sole province of the Court.  McAfee products, features, and functionality other than those listed in TVIIM's forthcoming Disclosure of Asserted Claims and Infringement Contentions are not relevant to this action, and McAfee will not provide discovery on products, features, and functionality other than those specifically and distinctly identified in TVIIM's forthcoming Disclosure of Asserted Claims and Infringement Contentions, unless otherwise specified below.

5.      McAfee objects to TVIIM's definition of "VULNERABILITIES TECHNOLOGY" as vague and ambiguous.  McAfee further objects to this definition to the extent that TVIIM is attempting to construe a claim term, which is an issue of law and the sole province of the Court.  McAfee products, features, and functionality other than those listed in TVIIM's forthcoming Disclosure of Asserted Claims and Infringement Contentions are not relevant to this action, and McAfee will not provide discovery on products, features, and functionality other than those specifically and distinctly identified in TVIIM's forthcoming Disclosure of Asserted Claims and Infringement Contentions, unless otherwise specified below.

6.      McAfee objects to TVIIM's definition of "ACCUSED INSTRUMENTALITIES" as vague, ambiguous, overly broad, and unduly burdensome.  McAfee further objects to the definition to the extent that it mischaracterizes the operation of the identified products and/or is inconsistent with TVIIM's definition of "VULNERABILITIES" and "VULNERABILITIES TECHNOLOGY."  In particular, McAfee objects to TVIIM's inclusion of "Endpoint Protection" in its definition of "ACCUSED INSTRUMENTALITIES."  Endpoint Protection is not a product offered by McAfee.  McAfee further objects to this definition on the ground that it is not limited by time.  McAfee products, features, and functionality other than those listed in TVIIM's

MCAFEE, INC.'S FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS PLAINTIFF
TVIIM, LLC'S FIRST SET OF
INTERROGATORIES (NOS. 1-6)

3:13-CV-04545 (VC)

**Exhibit 09**

0973

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA  94304

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

forthcoming Disclosure of Asserted Claims and Infringement Contentions are not relevant to this action, and McAfee will not provide discovery on products, features, and functionality other than those specifically and distinctly identified in TVIIM's forthcoming Disclosure of Asserted Claims and Infringement Contentions, unless otherwise specified below.

7.      McAfee objects to the Interrogatories to the extent that they purport to require McAfee to identify or describe "all" or "any" actions, information, or persons on the grounds that such Interrogatories are overly broad and unduly burdensome.

8.      Nothing in McAfee's responses to the Interrogatories constitutes an admission concerning the scope of the asserted patent's claim(s) nor the relation of any such claim(s) to any product made, used, sold, or offered for sale in or imported into the United States by McAfee.

9.      McAfee's objections and responses herein shall not waive or prejudice any objections it may later assert, including, but not limited to, objections as to relevance, materiality, or admissibility in subsequent proceedings or at the trial of this or any other matter.

10.     McAfee has responded to the Interrogatories as its interprets and understands each Interrogatory.  If TVIIM subsequently asserts an interpretation of any Interrogatory that differs from McAfee's understanding of that Interrogatory, McAfee reserves the right to supplement its objections and/or responses.

11.     McAfee's objections and responses are based on documents and information in its possession, custody, or control, and that it has been able to ascertain based on a reasonable search and inquiry.  McAfee's document production and its investigation, research, and analysis of the facts relevant to this action are ongoing.  Accordingly, McAfee reserves the right to amend and/or supplement these objections and responses in accordance with Federal Rules of Civil Procedure 26 and 33.  Moreover, these objections and responses are made without prejudice to

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA  94304

MCAFEE, INC.'S FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS PLAINTIFF
TVIIM, LLC'S FIRST SET OF
INTERROGATORIES (NOS. 1-6)

3:13-CV-04545 (VC)

**Exhibit 09**

0974

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

McAfee's right to present at trial additional evidence or witnesses as may be discovered or produced.

## SPECIFIC OBJECTIONS AND RESPONSES

Without waiving or limiting any of the foregoing objections, but rather incorporating them into each of the following objections and responses, McAfee objects and responds to the specific Interrogatories contained in TVIIM's First Set of Interrogatories as follows:

**INTERROGATORY NO. 1:**

Please identify each of the ACCUSED INSTRUMENTALITIES and commercial products containing or using the ACCUSED INSTRUMENTALITIES by product name, model number, calendar(s) year sold, and other identifying indicia.

**RESPONSE TO INTERROGATORY NO. 1:**

McAfee objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  As set forth above, TVIIM's definition of "ACCUSED INSTRUMENTALITIES" is so vague as to provide McAfee with essentially no information about what is being accused.  McAfee further objects to this Interrogatory on the ground that it improperly attempts to shift TVIIM's burden to identify accused products and prove infringement of those products to McAfee, the Defendant.  McAfee further objects to this Interrogatory as premature given that TVIIM has not yet served its infringement contentions. McAfee further objects to this Interrogatory on the ground that it is not reasonably calculated to lead to admissible evidence, because it is not limited to a reasonable time period and seeks information regarding products that are not made, used, offered for sale, sold in or imported into the United States.

Subject to and without waiving the foregoing General and Specific Objections, McAfee will produce non-privileged documents sufficient to show the names, model numbers (if applicable), and years sold in the United States of the distinct products specifically listed in

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

MCAFEE, INC.'S FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS PLAINTIFF
TVIIM, LLC'S FIRST SET OF
INTERROGATORIES (NOS. 1-6)
3:13-CV-04545 (VC)

**Exhibit 09**

0975

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

TVIIM's definition of "ACCUSED INSTRUMENTALITY" as McAfee understands them, and to the extent such documents exist and can be located after a reasonable search.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Subject to and without waiving the foregoing General and Specific Objections, McAfee further responds as follows:

The following chart lists the product name, variant names, date of first sale, and date of end of life (if applicable) for McAfee products identified in TVIIM's infringement contentions as accused products, which include the functionality identified in TVIIM's infringement contentions as accused functionality:

| Accused Product | Variants | Date of First Sale | Date of End of Life |
|---|---|---|---|
| CONSUMER | | | |
| All Access | Household; Individual; Small & Home Business; Multi Device Security | November 2012 | N/A |
| Antivirus Plus | OLBU Bundle; Virus Scan Plus; ViruScan/AntiVirus Plus | November 2012 | N/A |
| Internet Security | OLBU Bundle | November 2012 | N/A |
| Live Safe | | December 2012 | N/A |
| Security Center | | November 2012 | N/A |
| Total Protection | | November 2012 | N/A |
| ENTERPRISE | | | |
| Policy Auditor (PA) | Desktop; Server | January 2007 | N/A |
| Network Access Control (MNAC) | NAC Appliance; Network Security NAC Module | April 2007 | April 2014 |

MCAFEE, INC.'S FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS PLAINTIFF
TVIIM, LLC'S FIRST SET OF
INTERROGATORIES (NOS. 1-6)
3:13-CV-04545 (VC)

**Exhibit 09**

0976

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

| Accused Product | Variants | Date of First Sale | Date of End of Life |
|---|---|---|---|
| Remediation Manager (PARM) | Remediation Manager NAC Module; FlashBox; CVF Citadel VFlash Update | May 2007 | April 2013 |
| Deep Defender (DD) | | July 2012 | N/A |
| Hercules | | January 2007 | September 2009 |
| Endpoint Suites | Complete Endpoint Protection – Enterprise (CEE) | May 2013 | N/A |
| | Complete Endpoint Protection – Business (CEB) | May 2013 | N/A |
| | Endpoint Protection – Advanced (EPA) | Q2 2010 | N/A |
| | Total Protection Endpoint – Enterprise (TPE) | Q2 2010 | N/A |
| | Total Protection Enterprise – Advanced (TEA) | Q2 2010 | N/A |
| | Total Protection for Compliance | August 2008 | N/A |

As discovery and McAfee's analysis is ongoing, McAfee reserves the right to further supplement and/or amend its response as appropriate.

**INTERROGATORY NO. 2:**

Please identify each and every basis for YOUR contention, set forth under the heading "FIRST AFFIRMATIVE DEFENSE" in YOUR ANSWER AND COUNTERCLAIM, that "McAfee has not infringed and is not infringing, either directly, contributorily, or by inducement, any valid or enforceable claim of" the PATENT-IN-SUIT, including the principal and material facts and all DOCUMENTS that YOU believe support each basis and all PERSONS who may have knowledge of any such facts.

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA  94304

MCAFEE, INC.'S FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS PLAINTIFF
TVIIM, LLC'S FIRST SET OF
INTERROGATORIES (NOS. 1-6)

3:13-CV-04545 (VC)

**Exhibit 09**

0977

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

**RESPONSE TO INTERROGATORY NO. 2:**

McAfee objects to this Interrogatory as premature given that TVIIM has not yet served any infringement contentions.  McAfee further objects to this Interrogatory on the ground that it improperly attempts to shift TVIIM's burden to show infringement to McAfee.  McAfee further objects to this Interrogatory as overbroad and unduly burdensome, because, among other things, it purports to require McAfee to identify or describe "all" or "any" information and persons.  McAfee further objects to this Interrogatory on the ground that it seeks premature expert discovery or testimony.  McAfee further objects to this Interrogatory to the extent it calls for legal conclusions and/or seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable protection, privilege, or immunity.

Subject to and without waiving the foregoing General and Specific Objections, after TVIIM has identified the particular products and functionality it is accusing of infringement, McAfee will produce non-privileged documents sufficient to show the design and operation of the specifically identified accused features, to the extent such documents exist and can be located after a reasonable search.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving the foregoing General and Specific Objections, McAfee further responds as follows:

To the extent that TVIIM's claims can be understood from its imprecise and insufficient infringement contentions, McAfee's accused products do not infringe the '168 patent, either literally or under the doctrine of equivalents, for at least the following reasons:

TVIIM has not shown that the accused McAfee products provide a "security system for a computer apparatus, wherein said computer apparatus includes a processors and a system memory" as recited by claim 1 or a "method of providing a security assessment for a computer system which includes a system memory" as recited by claim 11.  For example, in the accused

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

MCAFEE, INC.'S FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS PLAINTIFF
TVIIM, LLC'S FIRST SET OF
INTERROGATORIES (NOS. 1-6)

3:13-CV-04545 (VC)

**Exhibit 09**

**0978**

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

McAfee products software running on remote computers and/or hosts may initiate the accused functionality and/or perform the accused functionality on a computer apparatus or computer system. In contrast, the '168 patent is directed at a security system wherein all the accused functionality resides on a single computer. *See, e.g.*, '168 patent at 1:65-2:5 ("Described herein is a security system which identifies security vulnerabilities and discrepancies for a computer system. . . . The computer system on which the security system resides may include a processor and operational memory which contains all data which is to be analyzed by the security system described herein."); FIG. 1. Therefore, the accused McAfee products do not meet these limitations of claims 1 and 11.

TVIIM has not shown that the accused McAfee products provide "at least one security module which under direction from the processor accesses and analyzes selected portions of the computer apparatus to identify vulnerabilities" as recited by claim 1 or "accessing the system memory and performing at least one procedure to provide a security assessment for at least one aspect of the computer system" and "as a result of any vulnerabilities discovered in the assessment . . ." as recited by claim 11. For example, when, and to the extent, the accused McAfee products identify exploitations of vulnerabilities, such as intrusions, viruses, worms, malware, or other promiscuous computer code, the claim language reciting "identify[ing]" or "discover[ing]" "vulnerabilities" is not met. In addition, the accused McAfee consumer products and Remediation Manager assess whether, for certain installed software applications, a more up-to-date version is available—*i.e.*, a software patch management functionality. A determination that a certain installed software application is not up-to-date is not the identification of a vulnerability on the computer system, as that term is used/disclosed in the patent. Further, the accused McAfee products Agent and ePolicy Orchestrator provide administrative functions for the entire family of McAfee enterprise products, including both accused and non-accused products. The accused McAfee products Agent and ePolicy Orchestrator themselves provide no

MCAFEE, INC.'S FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS PLAINTIFF
TVIIM, LLC'S FIRST SET OF
INTERROGATORIES (NOS. 1-6)
3:13-CV-04545 (VC)

**Exhibit 09**

0979

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

functionality for "identify[ing]" or "discover[ing]" "vulnerabilities." Therefore, the accused McAfee products do not meet these limitations of claims 1 and 11.

TVIIM has not shown that the accused McAfee products provide "at least one security module which under direction from the processor access and analyzes selected portions of the computer apparatus" as recited by claim 1 or "accessing the system memory and performing at least one procedure to provide a security assessment for at least one aspect of the computer system" as recited by claim 11. For example, the accused McAfee products may perform their functionality without "accessing" the "portion[]" or "aspect" that is analyzed. In contrast, claims 1 and 11 require both "accessing" *and* "analyz[ing]" or "assess[ing]" a "selected portion[]" or "aspect" of the computer. Therefore, the accused McAfee products do not meet these limitations of claims 1 and 11.

TVIIM has not shown that the accused McAfee products provide "at least one utility module which under the direction from the processor, performs various utility functions with regards to the computer apparatus in response to the identified vulnerabilities" as recited by claim 1. For example, to the extent that TVIIM asserts that the software patch management functionality of the accused McAfee consumer products and Remediation Manager or the reporting functionality of the accused McAfee products is a "utility module" that "performs various utility functions," neither patch management nor reporting is a "utility function[]" as disclosed by the '168 patent. (*See, e.g.*, '168 patent, at Abstract, Col. 2:41-52, Col. 2:56-59, Col. 3:35-37, Col. 4:6-8, Col. 6:41-7:14, FIG. 8.) In addition, the accused McAfee consumer products do not report a vulnerability identified during an assessment. Instead, the accused McAfee consumer products report simply whether a more up-to-date software version is available. Further, the functionalities accused in the accused McAfee products do not provide "various utility functions"—*i.e.*, multiple different utility functions—in response to an "identified vulnerabilit[y]." The functionalities accused in the accused McAfee products

MCAFEE, INC.'S FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS PLAINTIFF
TVIIM, LLC'S FIRST SET OF
INTERROGATORIES (NOS. 1-6)
3:13-CV-04545 (VC)

**Exhibit 09**

0980

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

provide at most one functionality in response to the results of an assessment. Therefore, the accused McAfee products do not meet this limitation of claim 1.

TVIIM has not shown that the accused McAfee products provide "at least one security module which under direction from the processor accesses and analyzes . . ." or "at least one utility module which under the direction of the processor, performs various utility functions . . ." as recited by claim 1. For example, in the accused McAfee products the accused functionality is directed by a software program or command from a remote network, rather than the processor of a computer apparatus itself. Therefore, the accused McAfee products do not meet these limitations of claim 1.

TVIIM has not shown that the accused McAfee products provide "a security subsystem in the computer system" as recited by claim 11. For example, the accused McAfee products do not provide a dedicated or particular subsystem to perform the accused functionality. For all the accused McAfee products except certain versions of Network Access Control, no physical hardware is provided at all. Therefore, the accused McAfee products do not meet this limitation of claim 11.

TVIIM has not shown that the accused McAfee products provide "as a result of any vulnerabilities discovered in the assessment, identifying corrective measures to be taken with regards to the computer system," "reporting the discovered vulnerability and the identified corrective measures," and "upon receiving an appropriate command, initiating the corrective measures," as recited by claim 11. For example, excluding Remediation Manager, the accused McAfee enterprise products do not identify, report, or initiate any corrective action. Further, the accused McAfee consumer products and Remediation Manager provide, at most, patch management functionality that reports out-of-date software, downloads up-to-date patches, installs up-to-date patches, and may re-scan the computer. This patch management functionality is not a claimed "corrective measure[]." In addition, the accused McAfee consumer products and Remediation Manager provide, at most, a single responsive action to out-of-date software—*i.e.*,

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

MCAFEE, INC.'S FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS PLAINTIFF
TVIIM, LLC'S FIRST SET OF
INTERROGATORIES (NOS. 1-6)

3:13-CV-04545 (VC)

**Exhibit 09**

0981

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

installing the up-to-date patch—not multiple "corrective measures" as required by the claim. Further, the accused McAfee consumer products and Remediation Manager are configurable to find and install up-to-date patches without (a) reporting the up-to-date patch prior to installing it, or (b) seeking and receiving permission from a user to install the up-to-date patch prior to installing it.  TVIIM has not demonstrated that any user of the accused McAfee consumer products or Remediation Manager performed the steps of the method of claim 11 in the required order.  Therefore, the accused McAfee products do not meet these limitations of claim 11.

Further, pursuant to Fed. R. Civ. P. 33(d), McAfee identifies the following list of documents that to date McAfee has identified as relevant to the subject matter of this interrogatory:  source code for the accused McAfee products (as made available for inspection), TVIIM000765, 84902DOC011428, 84902DOC010374, 84905DOC070982, Ex. 3 to deposition of Mr. Yannick Yu, 84901DOC030009, 84901DOC031031, 84905DOC071048, 84901DOC030807, 84901DOC031064, 84905DOC071503, 84901DOC029308, 84905DOC071851, 84904DOC007095, 84904DOC002862, 84904DOC010509,84904DOC006649, 84904DOC009616, 84904DOC009604, 84904DOC007460, 84905DOC016096, 84901DOC029627, 84905DOC072038, 84901DOC030744, 84904DOC012283, 84904DOC012481, 84904DOC012534, 84904DOC012626, 84904DOC012791, 84904DOC012568, 84904DOC012479, 84904DOC012517, 84904DOC012542, 84901DOC058608, 84901DOC059973, 84905DOC060910, 84905DOC055384, 84905DOC056021, 84905DOC058422, 84905DOC059727, 84905DOC061711, 84901DOC034400, 84905DOC058623, 84905DOC059630, 84901DOC017890, 84905DOC055595, 84901DOC023219, 84901DOC023433, 84901DOC023717, 84901DOC025081, 84901DOC001680, 84901DOC023183, 84901DOC023744, 84901DOC023770, 84901DOC002634, 84901DOC023417, 84905DOC058211, 84901DOC002136, 84901DOC002650, 84901DOC013086, 84901DOC018309, 84901DOC013880, 84901DOC013502,

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA  94304

MCAFEE, INC.'S FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS PLAINTIFF
TVIIM, LLC'S FIRST SET OF
INTERROGATORIES (NOS. 1-6)

3:13-CV-04545 (VC)

Exhibit 09

0982

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

84901DOC019618, 84901DOC001331, 84901DOC001370, 84905DOC007931,

84905DOC059796, 84901DOC013673, 84901DOC010513, 84901DOC002174,

84901DOC013328, 84901DOC008987, 84901DOC002467, 84905DOC063741,

84901DOC001437, 84901DOC018771, 84901DOC015040, 84901DOC002118,

84906DOC002211, 84901DOC002449, 84901DOC011128, 84901DOC019211,

84901DOC009835, 84901DOC097322, 84901DOC097347, 84901DOC097916,

84901DOC018048, 84901DOC010821, 84901DOC006467, 84901DOC007588,

84901DOC019034, 84905DOC060793, 84905DOC061350, 84905DOC059519,

84901DOC007416, 84901DOC007416, 84901DOC097411, 84901DOC097582,

84901DOC097665.

As discovery is ongoing, McAfee reserves the right to further supplement and/or amend
its response as appropriate, and to rely on other, additional, and/or different facts in its expert
report.

## INTERROGATORY NO. 3:

Please Identify each and every basis for YOUR contention, set forth under the heading
"SECOND AFFIRMATIVE DEFENSE" in YOUR ANSWER AND COUNTERCLAIM, that
"[o]ne or more claims of the '168 patent are invalid for failing to meet one or more of the
statutory requirements and/or conditions for patentability under 35 U.S.C. §§ 101, 102, 103,
and/or 112," including the principal and material facts and all DOCUMENTS that YOU believe
support each basis and all PERSONS who may have knowledge of any such facts.

## RESPONSE TO INTERROGATORY NO. 3:

McAfee objects to this Interrogatory as premature under the Civil and/or Patent Local
Rules of this Court, including Patent L.R. 2-5(c).  McAfee further objects to this Interrogatory as
overbroad and unduly burdensome, including but not limited to the extent that it purports to
require McAfee to identify or describe "all" or "any" information and persons.   McAfee further
objects to this Interrogatory on the ground that it seeks premature expert discovery or testimony.

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA  94304

15        MCAFEE, INC.'S FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS PLAINTIFF
TVIIM, LLC'S FIRST SET OF
INTERROGATORIES (NOS. 1-6)
3:13-CV-04545 (VC)

Exhibit 09                                          0983

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

McAfee further objects to this Interrogatory to the extent it calls for legal conclusions and/or seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable protection, privilege, or immunity.

Subject to and without waiving the foregoing General and Specific Objections, McAfee will set forth its invalidity defenses in contentions according to the timeline to be set by the Court and with the level of detail required by the Civil and/or Patent Local Rules of this Court.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving the foregoing General and Specific Objections, McAfee further responds as follows:

McAfee states that its invalidity contentions are set forth in its Patent L.R. 3-3 Invalidity Contentions for Asserted U.S. Patent No. 6,889,168 (dated May 12, 2014, and supplemented on June 26, 2014), including all exhibits and attachments thereto, which are hereby incorporated by reference. McAfee may rely on all the documents cited therein. Further, McAfee reserves the right to rely on third-party discovery responses, documents, and witness testimony that bears on the invalidity contentions that McAfee has served; that discovery is ongoing. Third parties with potentially relevant knowledge include: Patrick Taylor, David Gerulski, Robert Parker, Symantec Corp., Karen A. Casella, and USENIX Association.

As discovery is ongoing, McAfee reserves the right to further supplement and/or amend its response as appropriate.

**INTERROGATORY NO. 4:**

Please identify each and every basis for YOUR contention, set forth under the heading "THIRD AFFIRMATIVE DEFENSE" in YOUR ANSWER AND COUNTERCLAIM, that "Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is neither immediate nor irreparable, and Plaintiff has an adequate remedy at law," including the principal

MCAFEE, INC.'S FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS PLAINTIFF
TVIIM, LLC'S FIRST SET OF
INTERROGATORIES (NOS. 1-6)

3:13-CV-04545 (VC)

**Exhibit 09**

**0984**

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

and material facts and all DOCUMENTS that YOU believe support each basis and all PERSONS who may have knowledge of any such facts.

## RESPONSE TO INTERROGATORY NO. 4:

McAfee objects to this Interrogatory on the ground that it improperly attempts to shift TVIIM's burden to show that it is entitled to injunctive relief to McAfee. McAfee further objects to this Interrogatory as overbroad and unduly burdensome, including but not limited to the extent that it purports to require McAfee to identify or describe "all" or "any" information and persons.

Subject to and without waiving the foregoing General and Specific Objections, McAfee states that it understands that TVIIM does not make any tangible product(s), and is simply attempting to monetize the asserted patent rather than protect an actual product business. As such, TVIIM cannot establish the predicate factors required for injunctive relief.

## FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:

Subject to and without waiving the foregoing General and Specific Objections, McAfee further responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), McAfee identifies the following documents: TVIIM005581-TVIIM005583, TVIIM005584-TVIIM005586, TVIIM005587-TVIIM005589, TVIIM005590-TVIIM005592, TVIIM005593-TVIIM005595, TVIIM005596-TVIIM005598, VOCK000859-VOCK000895.

As discovery is ongoing, McAfee reserves the right to further supplement and/or amend its response as appropriate, including as additional documents are produced.

## INTERROGATORY NO. 5:

Identify all PERSONS employed by, or otherwise associated with, MCAFEE, including their job titles, who were and/or are responsible for or involved in the design, development, production and/or testing of the VULNERABILITIES TECHNOLOGY and commercial products containing or using the VULNERABILITIES TECHNOLOGY or any of them.

MCAFEE, INC.'S FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS PLAINTIFF
TVIIM, LLC'S FIRST SET OF
INTERROGATORIES (NOS. 1-6)
3:13-CV-04545 (VC)

Exhibit 09

0985

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

**RESPONSE TO INTERROGATORY NO. 5:**

McAfee objects to this Interrogatory on the basis that it is vague and ambiguous, particularly in its use of the terms "otherwise associated with," "responsible for," "involved in," "VULNERABILITIES TECHNOLOGY," and "or any of them." McAfee further objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Interrogatory is wholly unlimited as to time, scope (including but not limited to geographic scope), products at issue in this case, or even products sold by McAfee. McAfee further objects to this Interrogatory on the ground that it seeks information that is not known to McAfee, not within McAfee's possession, custody, or control, or that does not exist in the ordinary course of McAfee's business.

Subject to and without waiving the foregoing General and Specific Objections, after TVIIM has identified the particular products and functionality it is accusing of infringement, McAfee will identify persons with knowledge of the design and operation of the specifically identified accused features.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Subject to and without waiving the foregoing General and Specific Objections, McAfee further responds as follows:

McAfee identifies the following persons by name and title with knowledge of the design and operation of the specifically identified accused features: Kevin Cook (Senior Director of Engineering), Richard Craighead (Vice President of Engineering), T. Gregory Cummings (Senior Director of Engineering, Risk & Compliance), Ryan Nakawatase (former Senior Manager of Engineering), Darren Thomas (Senior Product Manager, Vulnerability & Discovery), and Yannick Yu (Software Engineering Manager).

As discovery is ongoing, McAfee reserves the right to further supplement and/or amend its response as appropriate.

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

**Exhibit 09**

0986

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

**INTERROGATORY NO. 6:**

Please identify all revenue (gross, net and otherwise) which YOU realized in whole or in part from the ACCUSED INSTRUMENTALITIES and commercial products containing or using the ACCUSED INSTRUMENTALITIES, describe the methodology used to determine such revenue, and identify DOCUMENTS that support YOUR response.

**RESPONSE TO INTERROGATORY NO. 6:**

McAfee objects to this Interrogatory on the basis that it is vague and ambiguous, particularly in its use of the terms "otherwise," "realized . . . in part," "ACCUSED INSTRUMENTALITIES," and "methodology." McAfee further objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Interrogatory is wholly unlimited as to time, scope (including but not limited to geographic scope), or products at issue in this case. McAfee further objects to this Interrogatory on the ground that it purports to require McAfee to create documents or generate information that McAfee does not keep or track in the ordinary course of business.

Subject to and without waiving the foregoing General and Specific Objections, after TVIIM has identified the particular products and functionality it is accusing of infringement, McAfee will produce non-privileged documents sufficient to show United States-based revenues for the specifically identified accused products, to the extent such documents exist and can be located after a reasonable search.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiving the foregoing General and Specific Objections, McAfee further responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), McAfee identifies the following documents: 84908DOC010754, 84908DOC010755, 84908DOC010756, 84908DOC010757, 84908DOC010758, 84908DOC010759.

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

MCAFEE, INC.'S FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS PLAINTIFF
TVIIM, LLC'S FIRST SET OF
INTERROGATORIES (NOS. 1-6)

3:13-CV-04545 (VC)

**Exhibit 09**

0987

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

As discovery is ongoing, McAfee reserves the right to further supplement and/or amend its response as appropriate, including as additional documents are produced.

Dated:  November 21, 2014                    Respectfully submitted,

*/s/ Katherine D. Prescott*
Katherine D. Prescott (SBN 215496)
  katherine.prescott@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

Joseph J. Mueller (*pro hac vice*)
  joseph.mueller@wilmerhale.com
Sarah B. Petty (*pro hac vice*)
  sarah.petty@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

*Attorneys for Defendant and*
*Counterclaim-Plaintiff McAfee, Inc.*

MCAFEE, INC.'S FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS PLAINTIFF
TVIIM, LLC'S FIRST SET OF
INTERROGATORIES (NOS. 1-6)
3:13-CV-04545 (VC)

**Exhibit 09**

0988

CONTAINS CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the United States that a true and correct copy of the above and foregoing document has been served on November 21, 2014 to all counsel of record via electronic mail.


Dated:  November 21, 2014

_____
*/s/ Michael Wolin*

Michael Wolin

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

21

MCAFEE, INC.'S FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS PLAINTIFF
TVIIM, LLC'S FIRST SET OF
INTERROGATORIES (NOS. 1-6)
3:13-CV-04545 (VC)

**Exhibit 09**

0989