John J. Shaeffer (SBN 138331)
jshaeffer@foxrothschild.com
Jeffrey H. Grant (SBN 218974)
jgrant@foxrothschild.com
Emily Birdwhistell (SBN 248602)
ebirdwhistell@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Tel: 310.598.4166 / Fax: 310.556.9828

Attorneys for Plaintiff and Counterclaim-Defendant TVIIM, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TVIIM, LLC, a Colorado Limited liability company,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MCAFEE, INC., a corporation,<br><br>　　　　　　Defendant. | Case No. 13-CV-4545 HSG<br><br>**TVIIM, LLC'S AMENDED PUBLIC NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE AND ARGUMENT THAT THE JOINT VENTURE AGREEMENT IS A MEASURE OF DAMAGES**<br><br>Hearing Date: June 30, 2015<br>Hearing Time: 3:00 pm |

1 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 PLEASE TAKE NOTICE THAT on June 30, 2015 at 2:00 p.m. in Courtroom 15 of the above-entitled Court, or as soon thereafter as the matter may be heard, Plaintiff TVIIM, LLC, will, and hereby does, move *in limine* for an order excluding argument that the TVIIM Joint Venture Agreement is relevant evidence of damages in this case.

This motion will be based upon this Notice of Motion and Motion, the accompanying Declaration of John Shaeffer and attachments thereto, the pleadings and files in this action, and such other argument and evidence as may be presented to the Court on this motion.

Dated: June 18, 2015               FOX ROTHSCHILD LLP


                                   By:/s/ John Shaeffer
                                      John J. Shaeffer
                                      Attorneys for Plaintiff
                                      TVIIM, LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

TVIIM is a joint venture between two parties – EIM and ThinkVillage.  In 2012, the parties entered into the EIM-ThinkVillage Agreement to Form Joint Venture ("Joint Venture Agreement").[1]  The Joint Venture Agreement contemplated one party (EIM) assigning the 168 patent to TVIIM.  The Agreement required the other party (ThinkVillage) to lend TVIIM money, up to $1 million, to facilitate TVIIM's efforts to license the patent.  The Agreement also required ThinkVillage to provide TVIIM with a small fraction of that amount, $10,000, as a retainer to kick-start licensing work.  Incredibly, McAfee apparently intends to assert that this $10,000 initial payment is evidence that the 168 patent is worth $10,000 and that the reasonable royalty should be less than $10,000.  McAfee's argument is farcical, is based on a gross misinterpretation of the Joint Venture Agreement, and is not admissible evidence concerning a reasonably royalty between TVIIM and McAfee.

Case law strictly forbids using agreements that are not economically comparable to guide reasonably royalty calculations in patent cases.  Here, **McAfee's own damages expert testified that the Joint Venture Agreement is not economically comparable to the question of a reasonably royalty in this case**.  Accordingly, the $10,000 figure contained in the Joint Venture Agreement, and any discussion thereof, should be excluded as irrelevant to damages.  Moreover, any minute probative value that reference may provide is far outweighed by the prejudice to TVIIM and the potential for jury confusion.  The admission of this evidence and argument would create an unnecessary and distracting sideshow that offers little, if any, probative value.  It should be excluded from trial.

**III.    ARGUMENT**

Pretrial motions are useful tools to resolve issues which would otherwise 'clutter up' the trial.  Such motions reduce the need for sidebar conferences and argument outside the hearing of the jury, thereby saving jurors' time and eliminating distractions."  *Palmerin v. City of Riverside*,

---

[1] A copy of this agreement is attached to the Shaeffer Decl. at Exhibit H.

1  794 F.2d 1409, 1413 (9th Cir. 1986).  Federal Rule of Civil Procedure 16 and Federal Rule of
2  Evidence 104 allow the court to enter an order *in limine* prohibiting trial counsel from presenting
3  evidence on matters properly excludable.  Federal Rules of Evidence 401-403 establish the rules
4  governing the admissibility of evidence.  Rule 401 provides: "'[r]elevant evidence' means
5  evidence having any tendency to make the existence of any fact that is of consequence to the
6  determination of the action more probable or less probable than it would be without the
7  evidence."

8  Rule 402 precludes the admission of evidence that is not relevant, and Rule 403 further
9  limits the admissibility of certain evidence, even if relevant, "if its probative value is substantially
10 outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or
11 by considerations of undue delay, waste of time, or needless presentation of cumulative
12 evidence."  Fed. R. Evid. 403.  Argument that the Joint Venture Agreement is relevant to a
13 reasonable royalty analysis is irrelevant and inadmissible.  Moreover, any miniscule probative
14 value such a valuation might present would be substantially outweighed by the confusion
15 presenting such evidence to the jury would cause, thereby prejudicing TVIIM.

16 **A.  There Is No Support For The Inference that the 168 Patent is Worth $10,000**
17 **Based on the Figure Set forth in the Joint Venture Agreement**

18  "A damages theory must be based on 'sound economic and factual predicates.'"
19 *LaserDynamics, Inc. v. Quanta Computer, Inc.,* 694 F.3d 51, 67 (Fed. Cir. 2012) (*quoting Riles v.*
20 *Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1311 (Fed. Cir. 2002)).  "'[T]here must be a basis
21 in fact to associate the royalty rates used in prior licenses to the particular hypothetical
22 negotiation at issue in the case.'"  *Dataquill Ltd. v. High Tech Computer Corp.*, 887 F.Supp.2d
23 999, 1021 (S.D. Cal. 2012) (*quoting Uniloc USA, Inc. v. Microsoft Corp.,* 632 F.3d 1292, 1317
24 (Fed. Cir. 2011)); *Fresenius Medical Care Holdings*, 2006 WL 1390416, *4 ("To prevent the
25 hypothetical from lapsing into pure speculation, the parties must produce 'sound economic proof
26 of the nature of the market and likely outcomes with infringement factored out of the economic
27 picture.'") (*quoting Grain Processing Corp. v. American Maize–Products Co.*, 185 F.3d 1341,
28 1350 (Fed.Cir.1999)).

Use of prior transactions as a comparison "must account for differences in the technologies and economic circumstances of the contracting parties." *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1211 (Fed Cir. 2010) (finding expert adequately accounted for differences); *Wordtech Sys. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1319-20 (Fed. Cir. 2010) (overturning damage award where expert testimony was the product of guesswork). McAfee, however, will attempt to make an inference from the Joint Venture Agreement that has no factual basis.

First, McAfee has not and cannot demonstrate the comparability required for the $10,000 figure to be a relevant valuation. Indeed, **McAfee's own expert, Lance Gunderson, testified in his deposition that the Joint Venture Agreement is not economically compatible**. Shaeffer Decl., Ex. G (Gunderson Depo. at 59:25-61:5). Even where licenses may be technologically compatible, where there is not "sufficient factual support for [an expert's] conclusion that they are *economically* comparable," such conclusions will be excluded. *Dataquill*, 887 F.Supp.2d at 1024.

Finally, the $10,000 figure in the Joint Venture Agreement in no way sets the fair market value of the 168 Patent. McAfee's deeply flawed analogy ignores the basic economics of the Joint Venture Agreement. Shaeffer Decl., Ex. H. The Joint Venture Agreement required ThinkVillage to initially invest $10,000 **and then up to one million dollars towards the enforcement of EIM's patents**. *Id.* at B.3. In exchange for its investment, ThinkVillage would get 50% of what was earned from the venture. *Id.* at B.4. If the venture failed, EIM would get its patents back. *Id.* at G.2. If it was successful, EIM would get 50% of the profits from the venture. *Id.* at B.3. **In essence, rather than being a $10,000 lump sum royalty, the Joint Venture Agreement is more akin to a running royalty where EIM receives 50% of the profits TVIIM earns from the exploitation of the 168 Patent**. To argue that the $10,000 relates to the value of the 168 patent assumes that TVIIM never earns anything. Moreover, while EIM would receive nothing from the venture if TVIIM never earns anything, EIM retains its patents if the venture fails. This scenario is no different than a license to a manufacturer who never sells a commercial product based on the 168 Patent, albeit one that requires the manufacturer to invest at least $10,000 towards the exploitation of the technology at the time the license is granted.

**B.  Any Probative Value of the $10,000 Figure Is Outweighed By The Prejudice**

Any probative value associated with $10,000 figure set forth in the Joint Venture Agreement is far outweighed by the Federal Rule of Evidence 403 concerns. Addressing the circumstances surrounding the Joint Venture Agreement would serve only to confuse the issues and mislead the jury. It would also waste the time of the Court, the parties and the jurors in that it would require an unnecessary, lengthy, and distracting detour into hypotheticals. It would also require a lengthy sojourn into the reasons for lack of comparability within McAfee's expert opinion.[2] Accordingly, any argument that the $10,000 figure set forth in the Joint Venture Agreement is relevant to damages should be excluded in order to preserve judicial resources and reduce juror confusion.

**IV.  CONCLUSION**

For all the foregoing reasons, TVIIM respectfully requests that the Court grant its Motion *in Limine* No. 4 to excluding argument that the TVIIM Joint Venture Agreement is relevant evidence of damages in this case.

Dated: June 18, 2015
FOX ROTHSCHILD LLP

By: /s/ John Shaeffer
John J. Shaeffer
Attorneys for Plaintiff
TVIIM, LLC

---

[2] Currently pending before this Court is a *Daubert* Motion to exclude this testimony of Gunderson. Dkt. No. 116.