1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    TVIIM, LLC,                                              Case No.  13-cv-04545-HSG

Plaintiff,

8                                                             **ORDER SEALING CERTAIN
 v.                                                          DOCUMENTS**
9

10   MCAFEE, INC.,

Defendant.

11

12          On June 10, 2015, the Court issued an Order denying certain administrative motions to file

13   documents under seal.  Dkt. No. 171.  On June 15, 2015, pursuant to the Court's Order, Defendant

14   filed supplemental declarations in support of the motions to seal.  Dkt. Nos. 173-76.  On June 17,

15   2015, the Court issued an Order sealing certain of the documents and directing Defendant to

16   submit highlighted unredacted versions of the remaining documents, which Defendant timely

17   submitted.  Dkt. No. 205.

18   **I.    LEGAL STANDARD**

19          "[A] 'compelling reasons' standard applies to most judicial records.  This standard derives

20   from the common law right 'to inspect and copy public records and documents, including judicial

21   records and documents.'"  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)

22   (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7).  "[A] 'strong presumption in

23   favor of access' is the starting point."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172,

24   1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th

25   Cir. 2003)).  To overcome this strong presumption, the party seeking to seal a judicial record

26   related to a dispositive motion must "articulate compelling reasons supported by specific factual

27   findings that outweigh the general history of access and the public policies favoring disclosure,

28   such as the public interest in understanding the judicial process" and "significant public events."

United States District Court
Northern District of California

*Id.* at 1178-79 (internal citations, quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base it decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

United States District Court
Northern District of California

United States District Court
Northern District of California

## II.   DISCUSSION

### A.   Defendant's Administrative Motion To File Documents Under Seal In Support Of Its Opposition To Plaintiff's Motion For Summary Judgment

On March 23, 2015, Defendant filed an administrative motion to file under seal exhibit 14 to the declaration of Joseph J. Mueller in support of Defendant's opposition to Plaintiff's motion for summary judgment. Dkt. No. 128. Because Plaintiff's motion for summary judgment is a dispositive motion, the Court applies the "compelling reasons" standard.

In the amended declaration of Laurie Charrington in support of its motion to seal, and the accompanying exhibits lodged with the Court, Defendant identifies those specific portions of the exhibit that contain sealable information. Dkt. No. 174. Those portions contain information regarding Defendant's "product design, structural components, and functionality." *Id.* ¶ 6. The Court finds that Defendant's proposed redactions of exhibit 14 to the declaration of Joseph J. Mueller in support of Defendant's opposition to Plaintiff's motion for summary judgment are "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5. Defendant shall publicly file redacted versions of those documents by June 22, 2015.

### B.   Defendant's Administrative Motion To File Documents Under Seal In Support of Defendant's Opposition To Plaintiff's Motion To Exclude Certain Expert Testimony Of Lance Gunderson

On March 23, 2015, Defendant filed an administrative motion to file under seal exhibits 1-2, 4, 10, 12, 14, 18-19, 22-27, and 30 to the declaration of Joseph J. Mueller in support of Defendant's opposition to Plaintiff's motion to exclude certain expert testimony of Lance Gunderson, as well as portions of the opposition. Dkt. No. 130. Because Plaintiff's motion to exclude testimony is not a dispositive motion, the Court applies the "good cause" standard.

In the amended declaration of Laurie Charrington in support of its motion to seal, and the accompanying exhibits lodged with the Court, Defendant identifies those specific portions of exhibits 2, 4, 18-19, 22-26, and 30 that contain sealable information. Dkt. No. 175. Those portions contain information regarding confidential "financial information," "business and marketing strategies, "product development strategies," "product design choices," "internal release timelines," "source code," and "product testing." Dkt. No. 175 ¶¶ 6-15. The Court finds that

United States District Court
Northern District of California

1  Defendant's proposed redactions of exhibits 2, 4, 18-19, 22-26, and 30 to the declaration of Joseph

2  J. Mueller in support of Defendant's opposition to Plaintiff's motion to exclude certain expert

3  testimony of Lance Gunderson, as well as portions of the opposition itself, are "narrowly tailored"

4  to seal only sealable material, as required by Civil Local Rule 79-5.  Defendant shall publicly file

5  redacted versions of those documents by June 22, 2015.

6  **C.  Plaintiff's Administrative Motion To File Documents Under Seal In Support Of Its Reply In Support Of Plaintiff's Motion To Exclude Certain Expert Testimony Of Lance Gunderson**

7

8  On March 30, 2015, Plaintiff filed an administrative motion to file under seal exhibits A,

9  B, and C to the declaration of John Shaeffer in support of Plaintiff's reply in support of its motion

10  to exclude certain expert testimony of Lance Gunderson, as well as portions of the reply.  Dkt. No.

11  137.  Because Plaintiff's motion to exclude testimony is not a dispositive motion, the Court

12  applies the "good cause" standard.

13  In the amended declaration of Laurie Charrington in support of Plaintiff's motion to seal,

14  and the accompanying exhibits lodged with the Court, Defendant identifies those specific portions

15  of exhibits A, B, and C that contain sealable information.  Dkt. No. 176.  Those portions contain

16  information regarding  Defendant's "product beta testing, design choices and considerations,

17  planned improvements, and internal design feedback," as well as "certain features of

18  [Defendant's] products and reasons for [their] inclusion."  *Id.* ¶¶ 6-8.  The Court finds that

19  Defendant's proposed redactions of exhibits A, B, and C to the declaration of John Shaeffer in

20  support of Plaintiff's reply in support of its motion to exclude certain expert testimony of Lance

21  Gunderson, as well as portions of the reply itself, are "narrowly tailored" to seal only sealable

22  material, as required by Civil Local Rule 79-5.  Defendant shall publicly file redacted versions of

23  those documents by June 22, 2015.

24  **IT IS SO ORDERED.**

25  Dated: June 19, 2015

26  _____
HAYWOOD S. GILLIAM, JR.

27  United States District Judge

28

4