UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TVIIM, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MCAFEE, INC.,<br><br>    Defendant. | Case No. 13-cv-04545-HSG<br><br>**ORDER SEALING CERTAIN DOCUMENTS** |

On June 16, 2015, the Court issued an Order denying certain administrative motions to file documents related to the parties' motions in limine under seal. Dkt. No. 184. On June 18, 2015, pursuant to the Court's Order, Defendant filed supplemental declarations in support of the motions to seal. Dkt. Nos. 209-10.

## I. LEGAL STANDARD

"[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7). "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, the party seeking to seal a judicial record related to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (internal citations, quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing

court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base it decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Because motions in limine are nondispositive motions, the Court applies the "good cause" standard to the subject documents.

## II. DISCUSSION

### A. Defendant's Administrative Motion To File Documents Under Seal In Support Of Its Motion In Limine No. 1

On June 9, 2015, Defendant filed an administrative motion to file under seal exhibits 2 and 3 to the declaration of Joseph J. Mueller in support of Defendant's motion in limine No. 1, as well as portions of the motion in limine. Dkt. No. 163.

In the amended declaration of Christine Capuyan in support of its motion to seal, and the accompanying exhibits lodged with the Court, Defendant identifies those specific portions of exhibits 2 and 3, and Defendant's motion in limine No. 1, that contain sealable information. Dkt. No. 209. Those portions contain information regarding "highly confidential McAfee patent, software, and/or technology licensing information" that "could be used by McAfee's competitors to McAfee's disadvantage, particularly because it reveals McAfee's licensing history." *Id.* ¶¶ 5-6. The Court finds that these reasons constitute "good cause" to seal the documents. Furthermore, the Court finds that Defendant's proposed redactions of exhibits 2 and 3 are "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5. Defendant shall publicly file redacted versions of those documents by June 25, 2015.

### B. Defendant's Administrative Motion To File Documents Under Seal In Support Of Its Motion In Limine No. 2

On June 9, 2015, Defendant filed an administrative motion to file under seal exhibit 3 to the declaration of Joseph J. Mueller in support of Defendant's motion in limine No. 2. Dkt. No. 164.

In the amended declaration of Christine Capuyan in support of its motion to seal, and the accompanying exhibits lodged with the Court, Defendant identifies those specific portions of exhibit 3 that contain sealable information. Dkt. No. 210. Those portions contain information regarding "product design choice" that "could be used by [Defendant's] competitors to [Defendant's] disadvantage, particularly because it reveals [Defendant's] proprietary technical information." *Id.* ¶ 5. The Court finds that these reasons constitute "good cause" to seal the documents. Furthermore, the Court finds that Defendant's proposed redactions of exhibit 3 are

1  "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5.

2  Defendant shall publicly file redacted versions of those documents by June 25, 2015.

3  **IT IS SO ORDERED.**

4  Dated: June 23, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge