1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 TVIIM, LLC,

Plaintiff, | Case No.  13-cv-04545-HSG

8 v. | **PRETRIAL ORDER**

9 | Re: Dkt. Nos. 167, 233

MCAFEE, INC.,

10 Defendant.

11

12          The Court held a pretrial conference in this case on June 30, 2015.  The parties

13 subsequently filed supplemental briefs and a stipulation regarding outstanding issues, which the

14 Court rules on as described below.

15          **A.     Jury Instruction Regarding The Term "Vulnerability."**

16          The Court has reviewed the parties' briefs regarding their proposed approaches to

17 explaining the term "vulnerability" to the jury.  *See* Dkt. Nos. 229, 231.  Defendant McAfee, Inc.

18 argues that the Court should instruct the jury using specific language from the Court's claim

19 construction order.  Dkt. No. 231 at 3.  Plaintiff TVIIM, LLC argues that the Court should instruct

20 the jury on the plain and ordinary meaning of the term and concedes that the plain and ordinary

21 meaning is "exploitable weakness in a computer system," as advocated by Defendant's expert Dr.

22 Aviel Rubin.  Dkt. No. 229 at 1.  However, Plaintiff further argues that the Court should exclude

23 "discrepancies" from the scope of the meaning of the term "vulnerabilities."  *Id.*

24          The Court agrees with the parties that the jury should be instructed on the plain and

25 ordinary meaning of the term "vulnerability," and further agrees with both parties that this plain

26 and ordinary meaning is "exploitable weakness in a computer system."  *See* Dkt. No. 229 at 1

27 ("Plaintiff is amenable to the Court instructing the jury that a 'vulnerability' is an 'exploitable

28 weakness,' as proposed by Defendant['s] expert Dr. Rubin.");  Dkt. No. 138 at 2-3 (Defendant's

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Reply in Support of Motion for Summary Judgment of Invalidity) ("As Dr. Rubin's declaration

2   demonstrated, the plain meaning of vulnerability to a person of ordinary skill in the art at the time

3   of the claimed invention—in light of the intrinsic evidence—is any 'exploitable weakness in a

4   computer system.'").

5         The Court rejects Plaintiff's contention that the Court should instruct the jury that the term

6   "vulnerability" necessarily excludes "discrepancies."  Plaintiff did not raise this point in its claim

7   construction arguments.  Moreover, the Court finds that the intrinsic evidence does not clearly

8   exclude "discrepancies" from the scope of the claim term "vulnerability."  The term "discrepancy"

9   does not appear in any of the '168 Patent claims.  And the specification at times uses the terms

10  interchangeably, or indicates that a "discrepancy" is a subset of the general category of security

11  "vulnerabilities."  *See, e.g.*, '168 Patent 1:11-18 ("The invention described herein relates to a

12  method and apparatus for analyzing a computer system and identifying security vulnerabilities,

13  *and more specifically* to a method and apparatus for performing a series of procedures which

14  identify security vulnerabilities and discrepancies in the computer system and in some cases

15  suggesting and implementing corrective action."), 3:42-44 ("The system identifies vulnerable

16  configurations and, in some situations, provides instruction on how to repair *particular*

17  discrepancies or detected breaches.") (emphases added).

18        Accordingly, the Court is strongly inclined to include the following in both the preliminary

19  and concluding jury instructions: "The term 'vulnerability' means an exploitable weakness in a

20  computer system, and is not limited in scope to pre-existing security problems."  If the parties

21  object to this instruction, they must file a one-page statement by July 10, 2015 articulating the

22  reasons for any such objection.  Plaintiff need not reiterate its claim construction arguments, as

23  any objection based on those arguments is deemed preserved for the record.

24      **B.**    **Testimony of Eric Knight**

25        The Court has reviewed the parties' supplemental briefs regarding the testimony of Eric

26  Knight, who will be testifying both as a fact witness and as an expert witness at trial.  At the

27  pretrial conference, Plaintiff alluded to the potential burden on Mr. Knight resulting from having

28  to stay in San Francisco for the duration of the four-day trial at the pretrial conference, *see* Tr. at

24:10-13, but Plaintiff does not identify any specific burden in its supplemental brief.  *See* Dkt. No. 235.  Instead, Plaintiff argues that Defendant's proposed trial structure is "wildly impractical." *Id.* at 1.

The Court finds within its discretion that trial is most effectively structured according to the parties' respective burdens of proof.  *See Amado v. Microsoft Corp.*, 517 F.3d 1353, 1358 (Fed. Cir. 2008) ("District courts . . . are afforded broad discretion to control and manage their dockets, including the authority to decide the order in which they hear and decide issues pending before them.").  Therefore, trial will proceed as follows:

- First, Plaintiff will present its case-in-chief on infringement and damages.  Mr. Knight would likely be called during this phase of the trial as a fact witness.

- Second, Defendant will present its rebuttal case on infringement and damages, and its affirmative case on invalidity and inequitable conduct.

- Finally, Plaintiff will present its rebuttal case on invalidity and inequitable conduct. Mr. Knight would likely be called during this phase of the trial as a fact witness.

The parties will not present reply evidence.

In its motion in limine No. 3, Defendant requests that the Court specifically instruct the jury on the distinction between Mr. Knight's testimony as a fact witness and his testimony as an expert witness.  As stipulated by the parties, the Court will instruct the jury on expert testimony in general.  If the need arises during trial, the Court will consider any proposed additional instructions regarding Mr. Knight's dual role as both fact witness and expert witness.

**C.    Jury Materials**

On the first day of trial, the parties shall bring ten paper copies of (1) the sample patent referenced in the Federal Judicial Center's ("FJC") "The Patent Process: An Overview for Jurors" video; and (2) asserted U.S. Patent No. 6,889,168.  The parties shall also be responsible for providing and showing the FJC video on the first day of trial.  A jury notebook will be provided to the jurors at the conclusion of the trial, for use during deliberations.  The specific contents of that notebook will be decided at the charging conference.

**D.    Joint Stipulation**

The Court otherwise approves the parties' stipulation filed July 6, 2015.  *See* Dkt. No. 233.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**E.     Potential Sealing of Trial Exhibits and Testimony**

Plaintiff shall disclose, by 7:00 p.m. one day in advance, any testimony or evidence it intends to present at trial that refers to (1) the details of the source code for the accused functionality in Defendant's products; or (2) Defendant's non-public financial information, including licensing terms.  Plaintiff's disclosure shall be of sufficient specificity to enable Defendant to determine whether it must request the sealing of the testimony or evidence.  The parties shall make all efforts to present evidence so as to minimize the need to seal the courtroom or specific exhibits.

**F.     Expert Reports**

The parties shall lodge courtesy copies of all expert reports with the Court by close of business on July 10, 2015.

**G.     Trial Schedule**

The parties shall appear before the Court at 8:00 a.m. on July 16, 2015 to discuss any remaining outstanding issues before jury selection begins.

**IT IS SO ORDERED.**

Dated: July 9, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge