UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TVIIM, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MCAFEE, INC.,<br><br>    Defendant. | Case No. 13-cv-04545-HSG<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>Re: Dkt. No. 283 |

On July 30, 2015, Defendant McAfee, Inc. filed an administrative motion to seal portions of the trial transcripts in this case. Dkt. No. 283. The time to oppose the motion to seal has passed.

I.   **LEGAL STANDARD**

"[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7). "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, the party seeking to seal a judicial record related to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (internal citations, quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing

1   court records exist when such 'court files might have become a vehicle for improper purposes,'
2   such as the use of records to gratify private spite, promote public scandal, circulate libelous
3   statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact
4   that the production of records may lead to a litigant's embarrassment, incrimination, or exposure
5   to further litigation will not, without more, compel the court to seal its records." *Id.*

6   The court must "balance the competing interests of the public and the party who seeks to
7   keep certain judicial records secret. After considering these interests, if the court decides to seal
8   certain judicial records, it must base it decision on a compelling reason and articulate the factual
9   basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. Civil Local Rule
10  79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file
11  a document or portions of it under seal must "establish[] that the document, or portions thereof,
12  are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . .
13  The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-
14  5(b).

## II.   DISCUSSION

16  Defendant seeks to seal certain portions of the trial transcripts that disclose its "highly
17  sensitive, product-specific financial information, including . . . profit margin, average sales price,
18  and unit sales information." Dkt. No. 283 at 1. On July 19, 2015, the Court ordered that certain
19  trial demonstratives containing the same financial information be sealed. *See* Dkt. No. 259 at 6-7.
20  In the pending motion to seal, Defendant argues that the "compelling reasons" standard is met here
21  because the portions of the transcripts sought to be sealed reference already-sealed information in
22  the trial demonstratives, and because the Ninth Circuit has held that financial information like that
23  at issue here constitutes "trade secrets." Dkt. No. 283 at 2.

24  //
25  //
26  //
27  //
28  //

1  The Court agrees that the proposed redactions of the trial transcripts contain sealable
2  material. The Court further finds that the proposed redactions are "narrowly tailored" to seal only
3  sealable material, as required by Civil Local Rule 79-5. The Court therefore GRANTS
4  Defendant's motion to seal the identified portions of the trial transcripts. *See* Dkt. No. 283-3
5  (proposing the redaction of certain information contained in pages 758:13, 758:17, 758:20, 759:6,
6  759:13, 759:14, 762:8, 766:2, 766:11, 772:4, 772:14, 772:15, 772:16, 1238:13, 1240:16).

**IT IS SO ORDERED.**

Dated: August 4, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge