UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TVIIM, LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>MCAFEE, INC.,<br><br>           Defendant. | Case No. 13-cv-04545-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL**<br><br>Re: Dkt. No. 303 |

Pending before the Court is Plaintiff TVIIM, LLC's motion to seal portions of its opposition to Defendant McAfee, Inc.'s motion for attorneys' fees and costs, and related documents. Dkt. No. 303. No opposition to the motion to seal was filed, and the time to do so has passed.

**I.    LEGAL STANDARD**

"[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7). "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, the party seeking to seal a judicial record related to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (internal citations, quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing

court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Because Defendant's motion for attorneys' fees and costs is a nondispositive motion, the Court applies the "good cause" standard to Plaintiff's motion to seal.

**II.   DISCUSSION**

Plaintiff seeks to seal certain documents that Defendant has designated as confidential. *See*

1  Dkt. No. 303-1 ¶ 3.  However, Defendant did not file a declaration within four days of the filing of
2  the motion to seal, as required by Civil Local Rule 79-5(e)(1).  The Court therefore finds that the
3  information designated as confidential by Defendant and contained in the documents sought to be
4  sealed is not sealable information.  Accordingly, Plaintiff's motion to seal is DENIED as to the
5  information in Exhibits 9-11 and 13 to the declaration of John Shaeffer in support of Plaintiff's
6  opposition to Defendant's motion for attorney's fees and costs.  Pursuant to Civil Local Rule 79-
7  5(e)(2), Plaintiff may file unredacted versions of those documents in the public record no earlier
8  than four days and no later than ten days after the date of this Order.

9        Plaintiff also seeks to file under seal certain portions of its opposition brief that reference
10 information already sealed by this Court.  *See* Dkt. No. 300.  The Court agrees that the proposed
11 redactions related to Defendant's counsel's fee arrangements contain sealable material.  The Court
12 further finds that the proposed redactions are "narrowly tailored" to seal only sealable material, as
13 required by Civil Local Rule 79-5.  The Court therefore GRANTS Plaintiff's motion to seal the
14 proposed redactions on pages 3 and 24 of Plaintiff's opposition brief.  Within four days of the date
15 of this Order, Plaintiff shall file under seal the unredacted version of its opposition to Defendant's
16 motion for attorney's fees and costs.

17 **IT IS SO ORDERED.**

18 Dated: September 9, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge

3