UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TVIIM, LLC,<br>　　　　　Plaintiff,<br>　　v.<br>MCAFEE, INC.,<br>　　　　　Defendant. | Case No. 13-cv-04545-HSG<br>**ORDER GRANTING MOTION TO SEAL**<br>Re: Dkt. No. 309 |

Pending before the Court is Defendant McAfee, Inc.'s motion to seal portions of its reply in support of its motion for attorneys' fees and costs. Dkt. No. 309. No opposition to the motion to seal was filed, and the time to do so has passed.

## I. LEGAL STANDARD

"[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7). "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, the party seeking to seal a judicial record related to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (internal citations, quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,'

1 such as the use of records to gratify private spite, promote public scandal, circulate libelous
2 statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact
3 that the production of records may lead to a litigant's embarrassment, incrimination, or exposure
4 to further litigation will not, without more, compel the court to seal its records." *Id.*

5       The court must "balance the competing interests of the public and the party who seeks to
6 keep certain judicial records secret. After considering these interests, if the court decides to seal
7 certain judicial records, it must base its decision on a compelling reason and articulate the factual
8 basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. Civil Local Rule
9 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file
10 a document or portions of it under seal must "establish[] that the document, or portions thereof,
11 are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . .
12 The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-
13 5(b).

14       Records attached to nondispositive motions are not subject to the strong presumption of
15 access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive
16 motions "are often unrelated, or only tangentially related, to the underlying cause of action,"
17 parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal
18 Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause"
19 standard requires a "particularized showing" that "specific prejudice or harm will result" if the
20 information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
21 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad
22 allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not
23 suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

24       Because Defendant's motion for attorneys' fees and costs is a nondispositive motion, the
25 Court applies the "good cause" standard to the pending motion to seal.

26 **II. DISCUSSION**

27       Defendant seeks to file under seal certain portions of its reply brief that reference
28 information already sealed by this Court. *See* Dkt. No. 300. The Court agrees that the proposed

1 redactions related to Defendant's counsel's fee arrangements contain sealable material. The Court
2 further finds that the proposed redactions are "narrowly tailored" to seal only sealable material, as
3 required by Civil Local Rule 79-5. The Court therefore GRANTS Defendant's motion to seal the
4 proposed redactions on page 15 of Defendant's reply brief. Within four days of the date of this
5 Order, Defendant shall file under seal the unredacted version of its reply in support of its motion
6 for attorney's fees and costs.

7 **IT IS SO ORDERED.**

8 Dated: September 17, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge